IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO. 5:09-CV-00119-RLV-DCK

| | |
|---|---|
| ABT, INC., | ) |
|         Plaintiff, | ) |
| v. | ) PROTECTIVE ORDER |
| PETER JUSZCZYK AND SPORTSFIELD SPECIALTIES, INC., | ) |
|         Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

The parties have requested entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to protect confidential information during discovery and trial. The Court has determined that it is appropriate to enter such an order for that purpose. Therefore,

It is hereby ORDERED as follows:

**I.**     **DEFINITIONS**

1.     "Classified Information," as used herein, shall mean information that is designated as "Attorneys' Eyes Only" or "Confidential."

2.     "Document" shall mean written, printed, typed, and visually or aurally reproduced material of any kind, whether or not privileged, including, but not limited to, letters, notes, memoranda, e-mail, invoices, purchase orders, records, minutes, bills, contracts, agreements, orders, receipts, drawings and sketches, photographs, tapes and disks capable of being mechanically read,

1

advertising and promotional literature, operating manuals and instructions, bulletins, cables and telegrams, tapes and other recordings, test data, electronically stored media, and all other media encompassed by Federal Rule of Civil Procedure 34(a).

3. "Designating party," as used herein, shall mean the party designating information as "Attorneys' Eyes Only" or "Confidential."

4. "Producing party," as used herein, shall mean any party producing Classified Information.

5. "Qualified Persons," as used herein and subject to the specific restrictions outlined in Sections IV and V *infra*, shall include:

    (a)    the attorneys and their necessary staff of the following law firms:

        (1)    MOORE & VAN ALLEN, PLLC
                100 North Tryon Street, Floor 47
                Charlotte, NC 28202-4003
                *Attorneys for Plaintiff ABT, Inc.*

        (2)    MALONEY LAW & ASSOCIATES, PLLC
                2316 Randolph Rd.
                Charlotte, NC 28207
                *Attorneys for Defendant Juszczyk*

        (3)    HESLIN ROTHENBERG FARLEY & MESITI P.C.
                5 Columbia Circle
                Albany, New York 12203

                BLANCO TACKABERY & MATAMOROS, P.A.
                110 South Stratford Road
                Winston-Salem, North Carolina 27104-4299
                *Attorneys for Defendant Sportsfield Specialties, Inc.*

    (b)    judges and their staff;

(c) court reporters, deposition stenographers (including video technicians), and their necessary clerical assistants;

(d) copy services and graphic consultants used to duplicate documents and create demonstrative exhibits;

(e) expert witnesses or consultants engaged by the parties in connection with this action who are not currently, or reasonably anticipated to be, an employee of a party, and who satisfy the terms and conditions of paragraph 18 below;

(f) persons and their necessary staff engaged by the parties for the purpose of alternative dispute resolution; and

(g) the officers and employees of the parties-in-suit, provided that such officer or employee first executes a document identical in substance to the document attached hereto as Exhibit A and the executed document is delivered to the designating party prior to disclosure of Classified Information to the officer or employee.

6. "Receiving party," as used herein, shall mean any party receiving Classified Information.

## II. APPLICABILITY

7. The provisions of this Protective Order are applicable to information of any type, kind or character, written, aural or otherwise, including, but not limited to, information disclosed in connection with all forms of discovery under the Federal Rules of Civil Procedure, such as depositions, interrogatories, requests for the production of documents and things, and requests for

admission; testimony adduced at trial; matters in evidence; and any other information properly designated as "Attorneys' Eyes Only" or "Confidential."

## III. DESIGNATION OF CLASSIFIED INFORMATION

### A. Generally

8. "Attorneys' Eyes Only" shall be a designation reserved for competitively sensitive business, research & development, business planning, financial, and/or sales information, trade secrets and unpublished patent applications, that, if disclosed to competitors in the field at issue, would reveal technical or business advantages of the designating party. Additional categories of materials may be designated as "Attorneys' Eyes Only" only by agreement of the parties or order of the Court. Information shall not be designated as "Attorneys' Eyes Only" unless the designating party has a good faith belief that such information meets these requirements.

9. "Confidential" shall be a designation reserved for information that the designating party desires to be protected from dissemination or use for purposes other than this litigation but does not require the "Attorneys' Eyes Only" designation. Information shall not be designated as "Confidential" unless the designating party has a good faith belief that such information meets these requirements.

10. Documents intended to be protected under this Protective Order shall be clearly marked "Attorneys' Eyes Only" or "Confidential" on each page of the document. If the nature of the information intended to be protected under this Protective Order makes it undesirable, difficult or impossible to physically mark the information as "Attorneys' Eyes Only" or "Confidential," the designating party may invoke the protections of this Protective Order by including a writing with such information indicating the designation and specifically identifying what portions of the

produced information are designated.

11. Any document or thing generated by a receiving party that contains Classified Information (including, but not limited to, photocopies, memoranda, exhibits, summaries and abstracts) shall bear on its face the same designation that appears on the Classified Information.

12. If a document includes "Attorneys' Eyes Only" or "Confidential" information in addition to other information, and the "Attorneys' Eyes Only" or "Confidential" information is redacted, the remainder of the document may be treated as if it did not contain the redacted information.

**B.** **Depositions**

13. Information disclosed at a deposition automatically shall be treated as "Attorneys' Eyes Only" during the deposition, and for a period until thirty (30) days after the mailing date of the deposition transcript. The deposition transcript shall lose its Classified Information status after the 30-day period except for information designated by any party as "Attorneys' Eyes Only" or "Confidential" either on the record at the deposition, or within the 30-day period by written notification to all parties of the specific page and line numbers of the transcript.

14. Counsel may exclude from the room during a deposition, hearing or other proceeding at which Classified Information likely will be disclosed, any person (other than the witness who is then testifying) who is not entitled under this Protective Order to receive or review Classified Information.

### C. Documents Made Available For Inspection

15. Documents made available for inspection automatically shall be treated as "Attorneys' Eyes Only" during inspection. All information obtained as a result of inspection, whether recorded by the inspecting party mentally, in tangible form (i.e., written notes, photocopies, aural recordings, photographs), or otherwise, shall be treated as "Attorneys' Eyes Only," until the producing party delivers production copies, at which time the confidentiality designations marked on the production copies shall control. Any documents that the reviewing party has elected not to have copied shall continue to be treated as "Attorneys' Eyes Only" information.

### D. Disputes Over Designation

16. Any party objecting to the designation of Classified Information shall provide written notice to the designating party requesting change to or withdrawal of the designation. If the receiving party and the designating party fail to resolve the dispute, the receiving party may apply to this Court for an order removing or changing such designation or otherwise modifying the provisions hereof as related to such designated items. The designating party shall bear the burden of establishing the correctness of the designation. The information shall be treated as if properly designated while any dispute over the designation is pending.

### IV. RESTRICTIONS ON DISCLOSURE OF CLASSIFIED INFORMATION

17. Information designated as "Attorneys' Eyes Only," and any words, substances, summaries, abstracts or indices thereof, shall not be disclosed, or made available, by any receiving party to persons other than Qualified Persons within the meaning of subsections (a) through (f) of paragraph 5, unless the designating party agrees otherwise in writing.

18. Before information designated as "Attorneys' Eyes Only" or "Confidential" is disclosed to a Qualified Person under paragraph 5(e), that Qualified Person must be provided with a copy of this Order and must sign an Affidavit in the form set forth as Exhibit A hereto. The party on whose behalf such an Affidavit is signed shall retain the original Affidavit and shall serve a copy thereof and a copy of the Qualified Person's curriculum vitae on the other party. The other party shall have ten (10) days from the date of such service to file a motion herein showing good cause why the "Confidential" and/or "Attorneys' Eyes Only" information or portions thereof should not be disclosed to such Qualified Person. No disclosure of designated "Confidential" and/or "Attorneys' Eyes Only" information shall be made to any Qualified Person until the period for filing such a motion has passed, or, if such a motion is filed, until it is ruled upon by this Court.

19. Information designated as "Confidential," and any words, substances, summaries, abstracts, or indices thereof, shall not be disclosed, or made available, by the receiving party to persons other than Qualified Persons within the meaning of subsections (a) through (g) of paragraph 5, unless the designating party agrees otherwise in writing.

20. Information designated as "Confidential" shall be disclosed, or made available, by the receiving party to Qualified Persons within the meaning of subsection (g) of paragraph 5 only as needed in order to conduct this litigation, unless the designating party agrees otherwise in writing.

21. This Protective Order does not restrict disclosure of the following types of information:

    (a) information in the public domain at the time of disclosure, as evidenced by a written document;

    (b) information that becomes part of the public domain at no fault of the

receiving party, as evidenced by a written document;

(c)    information that was in the receiving party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; and

(d)    information that the receiving party lawfully receives from a third party without restriction as to disclosure, provided that the third party had the right to make the disclosure to the receiving party, as evidenced by a written document.

## V. RESTRICTIONS ON USE OF CLASSIFIED INFORMATION

22.    All Classified Information received in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose, and disclosed to no other persons, except as specifically provided in this Protective Order.

23.    Classified Information may be used in any papers filed in court, such as briefs, memoranda of law, affidavits, exhibits and the like. Prior to filing documents containing information designated as Attorneys' Eyes Only or Confidential Information and which the Filing Party seeks to impound, the Filing Party shall comply with Local Rule 6.1 and in addition (i) file a motion for impoundment which sets forth, with respect to each document for which impoundment is sought, an explanation as to why impoundment is required and (ii) file a redacted copy of the documents for which impoundment is sought.

If the Court allows the motion to impound, the information designated as Attorneys' Eyes Only or Confidential Information and subject of the order allowing impoundment shall be filed in accordance with Local Rule 6.1 and placed in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words

"CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" as appropriate and "FILED UNDER SEAL" and a legend substantially in the following form:

> "This sealed container filed in this case, <u>ABT, Inc. v. Peter Juszczyk and Sportsfield Specialties, Inc.</u>, Case Number 09-cv-00119 in the United States District Court for the Western District of North Carolina, contains Confidential Information generally identified as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the Protective Order herein, and this envelope shall not be opened nor the contents thereof revealed except by the Court including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside."

Upon failure of the filing or lodging Party to properly designate Classified Information and file or lodge such information in accordance with this Protective Order, a Producing Party who in good faith believes that designation and filing under seal is required may file a motion pursuant to the local rules to do so within five business days of learning of the defective filing or lodging.

24. The Clerk of this Court is directed to maintain under seal all documents and tangible things so filed in this litigation and not to disclose documents and tangible things filed under seal to any person other than the Court and counsel for the parties to this action.

25. Nothing in this Protective Order shall prevent a party from using Classified Information when taking the deposition of the author or a recipient of the Classified Information.

26. Nothing in this Protective Order shall prevent a party form disclosing or otherwise making any use of its own Classified Information, nor shall such disclosure or use constitute a waiver by that party of the protections of this Protective Order provided that that party takes all appropriate steps to ensure that the confidentiality of the Classified Information is maintained.

## VI. DUTY TO PROTECT CLASSIFIED INFORMATION

27. Any party receiving Classified Information shall maintain such information in a safe and secure area, and exercise reasonable care in preserving the confidentiality of such information.

28. Any party receiving Classified Information shall, before producing such information to another Qualified Person, take all appropriate steps to ensure that the Qualified Person has been apprised of its responsibilities under the provisions of this Protective Order.

## VII. CONCLUSION OF ACTION

29. Within sixty (60) days after the conclusion of this action, including any appeal thereof, each Qualified Person under subsections (a), (b) and (d) through (h) of paragraph 5 in possession of Classified Information shall either:

   (1) return all such Classified Information (and all reproductions thereof and all memoranda or other documents that contain or refer to such Classified Information) to the producing party; or

   (2) with the written authorization of the producing party, destroy all such Classified Information (and all reproductions thereof and all memoranda or other documents that contain or refer to such Classified Information), and deliver a written certification of such destruction to the producing party;

except that outside counsel may retain one copy of all pleadings, motions, briefs and work product, and exhibits referenced therein.

## VIII. DURATION OF PROTECTIVE ORDER

30. To the extent this Protective Order restricts the disclosure and use of Classified Information, this Protective Order shall be binding during this litigation and shall continue to be binding after the conclusion of this litigation.

## IX. MISCELLANEOUS PROVISIONS

### A. Oral Disclosure Of Confidential Information

31. If counsel for any party believes that the answers to questions put to a witness being examined orally (e.g., at a deposition, trial or otherwise) will disclose "Attorneys' Eyes Only" or "Confidential" information, or if documents to be used as exhibits during the examination contain such information, such counsel shall so notify opposing counsel, and: (a) except in the case of a trial or other courtroom proceeding, the examination, or the confidential portions thereof, shall be taken in the presence of only Qualified Persons to receive such information; and (b) in the case of a trial or other courtroom proceeding, opposing counsel may move that the examination, or confidential portions thereof, shall be taken in the presence of only Qualified Persons to receive such information.

### B. Protection Of Nonparty Confidential Information

32. Any nonparty from whom a party to this litigation seeks discovery under Rule 45 of the Federal Rules of Civil Procedure or otherwise, has standing to invoke the protections of this Protective Order. The parties shall treat any information produced by a nonparty that has been designated as "Attorneys' Eyes Only" or "Confidential" in accordance with the provisions of this Protective Order.

### C. Inadvertent Or Unintentional Disclosure

33. The inadvertent or unintentional disclosure to an opposing party of Classified Information or any other privileged information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after such disclosure occurs.

34. The failure to object to a designation of information as "Attorneys' Eyes Only" or "Confidential" at or within a reasonable time shall not preclude the filing of a motion at a later date seeking to challenge the propriety thereof. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

### D. Document Production Numbers

35. To the extent that documents and things are produced and copied for delivery to a party pursuant to a document production, each page of all such produced documents and each such produced thing shall bear a unique identifying number.

### E. Modification Of This Protective Order

36. Notwithstanding the foregoing, nothing in this Protective Order shall restrict or prevent the parties from agreeing to the dissolution or modification of this Protective Order. Additionally, nothing in this Protective Order shall prevent either party from seeking an order of the Court dissolving or modifying this Protective Order.

### F. This Court's Jurisdiction Over Receiving Parties

37. Any person or entity, whether or not a party to this litigation, receiving Classified Information under this Protective Order agrees to subject itself to the jurisdiction of this Court for the purpose of proceedings related to the compliance with, performance under, or violation of this Protective Order.

Signed: November 23, 2009

David C. Keesler
United States Magistrate Judge

The parties, through their undersigned attorneys of record, hereby consent to the entry of this Protective Order.

| | |
|---|---|
| MOORE & VAN ALLEN, PLLC | MALONEY LAW & ASSOCIATES, PLLC |
| By: _____ <br> Paul J. Peralta (N.C. Bar No. 34622) <br> Benjamin P. Fryer (N.C. Bar No. 39254) <br> 100 North Tryon Street, Floor 47 <br> Charlotte, NC  28202-4003 <br> Phone:  (704) 331-1000 <br> Fax: (704) 339-5869 <br> *Attorneys for Plaintiff ABT, Inc.* | By: _____ <br> Meg Maloney (N.C. State Bar No. 13253) <br> Tamara Huckert (N.C. State Bar No. 35348) <br> 2316 Randolph Rd. <br> Charlotte, NC  28207 <br> Phone:  (704) 632-1622 <br> Fax: (704) 632-1623 <br> *Attorneys for Defendant Juszczyk* |
| HESLIN ROTHENBERG FARLEY & MESITI P.C. <br><br> By: _____ <br> Robert E. Heslin (BRN 101,969 NDNY) <br> David P. Miranda (BRN 103,536 NDNY) <br> 5 Columbia Circle <br> Albany, NY 12203 <br> Phone:  (518) 452-5600 <br> Fax:  (518) 452-5579 <br> *Attorneys for Defendant Sportsfield Specialties, Inc.* | BLANCO TACKABERY & MATAMOROS, P.A. <br><br> BY: /s/Peter J. Juran _____ <br> _____ <br> _____ <br> Peter J. Juran (Bar Number: 13566) <br> 110 South Stratford Road <br> Winston-Salem, North Carolina  27104-4299 <br> Telephone: (336) 293-9000 <br> Facsimile: (336) 293-9030 <br><br> *Attorneys for Defendant Sportsfield Specialties, Inc* |

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No. 5:09-cv-00119

| | |
|---|---|
| ABT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PETER JUSZCZYK AND | ) |
| SPORTSFIELD SPECIALTIES, INC., | ) |
| | ) |
| Defendants. | ) |

## EXHIBIT A
## TO STIPULATED PROTECTIVE ORDER

I have read, understand, and agree to be bound by the terms and conditions of the Stipulated Protective Order entered in this lawsuit. I am acting on behalf of (circle one) Plaintiff / Defendant in the capacity of a Qualified Person under (circle one) paragraph 5(e)/ paragraph 5 (g). If I am acting in the capacity of a Qualified Person under paragraph 5 (e), my resume and curriculum vitae are attached hereto.

_____
Signature

_____
Printed Name

_____
Title

_____
Date