# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO. 5:09CV119-V

| | |
|---|---|
| ABT, INC., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | **SCHEDULING ORDER** |
| ) | **EXPEDITED DISCOVERY** |
| PETER JUSZCZYK and ) | |
| SPORTSFIELD SPECIALTIES, INC., ) | |
|       Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on motions filed by Plaintiff ABT, Inc. ("ABT") seeking injunctive relief and expedited discovery. (Documents ##10, 14)

On Tuesday, December 15, 2009, a status conference was held to discuss these matters and related issues. Each party was represented and able to participate through counsel. Having considered the applicable law, memoranda submitted, and the oral presentations by counsel,

**IT IS, THEREFORE, ORDERED THAT:**

1) Plaintiff's Motion for Expedited Discovery is **GRANTED**;

2) The parties may begin engaging in discovery immediately for the purpose of exploring topics relevant to ABT's pending motion for injunctive relief.[1] If requested by a party, discovery is also authorized to explore facts relevant to Defendant Juszczyk's personal jurisdiction challenge. Counsel shall operate in a manner consistent with the Federal Rules of Civil Procedure, our Local Rules, and the governing Protective Order. The parties are encouraged to work together on the actual scheduling of depositions and deadlines for written discovery within the discovery period;

---

[1] Defendant Sportsfield's First Amended Answer, Affirmative Defenses & Counterclaims pleading includes a request for preliminary injunction as well. (Sportsfield's First Am. Ans. & C.Cl. ¶24) The basis for that relief is outlined in Sportsfield's Second Counterclaim which alleges false advertising and false designation of origin under the Lanham Act, 15 U.S.C. §1125(a). To the extent Sportsfield intends to pursue a preliminary injunction on this theory, and supports its Counterclaim with a memorandum of law, additional examination of any deponent in a position to provide testimony pertinent to Sportsfield's Counterclaim will be allowed for purposes of efficiency. Likewise, in the interest of judicial economy, any issue fairly arising from the pleadings may be explored during deposition so as to avoid multiple depositions of the same witness.

3) Discovery must be complete **on or before Monday, February 15, 2010**;

4) Supplemental briefing will not be required by the Court. However, if the parties elect to supplement the record prior to the preliminary injunction hearing, Plaintiff's supplemental filing is due **on or before Thursday, February 25, 2010,** and Defendants' supplemental filing is due **on or before Monday, March 8, 2010**;

5) An evidentiary hearing will be held on Plaintiff's Motion for Preliminary Injunction in the **Statesville Division** on **Monday, March 15, 2010** at **10 AM** at the U.S. Federal Building, 2nd Floor Courtroom, 200 W. Broad Street, Statesville, North Carolina. The method of presentation will be left to the preference of the respective parties. The parties may elect to rely on documentary evidence or live testimony, subject to any time limitations imposed by the Court; and

6) The parties shall make the necessary arrangements for inspection, copying, or examination of Defendant Juszczyk's personal computer such that the unit may be returned to Mr. Juszczyk **on or before Friday, January 15, 2010**.

Signed: December 17, 2009

Richard L. Voorhees
United States District Judge