# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-119-RLV-DCK

| | |
|---|---|
| ABT, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> PETER JUSZCZYK and <br> SPORTSFIELD SPECIALTIES, INC., <br><br> **Defendants.** | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Sportsfield's Motion To Compel Or Otherwise Preclude Plaintiff ABT" (Document No. 247). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff ABT, Inc. ("Plaintiff" or "ABT") filed a "Complaint For Declaratory Judgment And Damages" (Document No. 1-1) in Iredell County Superior Court on September 30, 2009. On October 30, 2009, Defendants Peter Juszczyk ("Juszczyk") and Sportsfield Specialities, Inc. ("Sportsfield")(together "Defendants") filed a "Notice Of Removal" (Document No. 1) to this Court. Plaintiff's "Verified First Amended Complaint" (Document No. 8) was filed on November 5, 2009, and includes claims for: (1) breach of contract against Juszczyk; (2) tortious interference with contract and business relations against Sportsfield; (3) unfair and deceptive trade practices; (4) computer trespass against Juszczyk; (5) misappropriation of trade secrets;

and (6) injunctive relief. The Court issued a "Memorandum and Order Granting Preliminary Injunction in Favor of Plaintiff ABT" (Document No. 230) on August 10, 2010.

On November 9, 2010, the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 242) which, *inter alia*, set the following deadlines: discovery completion - February 1, 2011; report of mediation - February 1, 2011; motions deadline - February 15, 2011; trial - May 2, 2011. On January 28, 2011, the undersigned allowed a joint motion to extend some of the case deadlines as follows: discovery completion - March 4, 2011; report of mediation - March 11, 2011; dispositive motion deadline - March 18, 2011.

The instant motion to compel (Document No. 247) was filed on November 24, 2010; Plaintiff's opposition to the motion (Document No. 258) was filed on December 10, 2010; and "Defendant Sportsfield's Reply Memorandum In Further Support Of Its Motion..." (Document No. 261) was filed on December 20, 2010. Sportsfield's motion to compel or otherwise preclude is now ripe for disposition.

## II. DISCUSSION

Sportsfield's pending motion seeks an Order from the Court compelling Plaintiff to fully and completely answer Interrogatory Nos. 3 and 4 of Sportsfield's First and Second Set of Interrogatories; to produce documents responsive to Document Request Nos. 4-7, 11-13, 16, 18-20, 22 and 23 of Sportsfield's First Request for Production of Documents and Things; and to produce documents responsive to Document Request Nos. 25, 27, 29, 31, 33-35 and 38 of Sportsfield's Second Request for Production of Documents and Things; or that Plaintiff otherwise be precluded from providing proof or testimony of the same at trial. (Document No. 247).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Applying the rules of discovery, the undersigned will address the responses and production Defendant Sportsfield seeks to have compelled, item by item, below.

**A. Sportsfield's First and Second Set of Interrogatories**

**1. Interrogatory No. 3:**

Sportsfield's Interrogatory No. 3 and ABT's answer, as supplemented on November 19, 2010:

> INTERROGATORY NO. 3: Specify with particularity each and every instance in which ABT, an agent, employee, or representative of ABT represented or implied that it manufactured certain sports equipment products that were in fact manufactured by another, including but not limited to vault boxes, takeoff boards, flat trains, long jump forming systems, steeple forming systems, soccer goals, steel football goals, track curbing, landing systems, hurdles, starting blocks, or timing systems. For each representation, please set forth the following:
>
> a. The date, time and location;
> b. The name and address of the party making the representation;
> c. The name, employer and address of all parties present; and
> d. The sum and substance of the representation.
>
> ANSWER: ABT objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. ABT further objects to this Interrogatory to the extent that it requests information previously identified and already in the possession, custody or control of Defendant Sportsfield. ABT directs Sportsfield to the documents produced in response of requests number 22, 23 and 24 of Sportsfield's First Request for Production of Documents and Things. ABT reserves its right to supplement its response to this Interrogatory as additional information becomes available.

(Document No. 248, pp.5-6).

In response to the motion to compel, "ABT states that it has no additional materials not previously produced, not currently in the possession of Sportsfield and not readily publicly available." (Document No. 258, p.3). ABT asserts that the relevant documents were produced in response to Sportsfield's Requests for Production of Documents Nos. 22 and 23. Id.

In its reply, Sportsfield alleges that in the past ABT has withheld information, and therefore, Sportsfield seeks "to confirm Plaintiff ABT's position that it has truly produced all responsive documents." (Document No. 261, p. 5). Although it is not clear to the undersigned that a motion to compel is the proper means to seek confirmation that another party has "truly

4

produced all responsive documents," ABT's statement in its response, quoted above, appears to address Sportsfield's request. The undersigned will decline to compel any further action as to this request.

2. **Interrogatory No. 4**:

Sportsfield's Interrogatory No. 4 and ABT's answer, as supplemented on November 19, 2010:

> INTERROGATORY NO. 4: Specify with particularity all information and factual bases supporting ABT's claim for monetary damages, as alleged in the First Amended Complaint, with specific reference to paragraphs 75, 87, 93, 103, and 108; including but not limited to, particular sales that were lost, what products ABT contends it would have sold in each lost sale, the name of each customer(s) involved in each claimed lost sale and the amount of total lost revenue and lost profit for each lost sale.
>
> ANSWER: ABT objects to this request to the extent that it requests information that is at least in part dependent on Defendant Sportsfield's responses and production to ABT's pending discovery requests. ABT further objects to this request as discovery is continuing and ABT is in the process of reviewing and analyzing the evidence related to its damages, including those documents not yet produced by Sportsfield. Subject to and without waiver of these General Objections and specific objections, ABT refers Sportsfield the report to be produced by ABT's damages expert in accordance with the Court's Pretrial Order and Case Management Plan.

(Document No. 248, p.7).

ABT contends that judicial intervention is completely unnecessary with respect to this interrogatory, and Document Request No. 19, because a damages expert report and underlying documents would be produced on December 15, 2010. (Document No. 258, p.10-11). Based on Sportsfield's reply brief, it is not clear that Sportsfield still seeks to compel production as to Interrogatory No. 4 or Document Request No. 19. If ABT has failed to produce its "damages

expert report and all underlying documentation related to ABT's damages" as promised in its response, it shall do so immediately. (Document No. 258, p.11).

**B. Sportsfield's First Request for Production of Documents and Things**

1. **Document Request Nos. 4-7, 11**:

> 4. All documents relating to the negotiation, execution or construction of the Noncompetition Agreement between ABT and Peter Juszczyk, or relating to the purpose or intent of ABT and/or Mr. Juszczyk in entering into the agreement or with respect to any of its provisions.
>
> 5. All documents relating to the negotiation, execution or construction of the Confidentiality Agreement between ABT and Peter Juszczyk, or relating to the purpose or intent of ABT and/or Mr. Juszczyk in entering into the agreement or with respect to any of its provisions.
>
> 6. All documents relating to the negotiation, execution or construction of the Phone and Electronic Rights Agreement between ABT and Peter Juszczyk, or relating to the purpose or intent of ABT and/or Mr. Juszczyk in entering into the agreement or with respect to any of its provisions.
>
> 7. All documents relating to the communications between ABT and Sportsfield relating to ABT's alleged trade secrets, confidential and/or proprietary information.
>
> 11. All documents relating to ABT's policies related to confidentiality or nondisclosure of ABT's trade secrets, confidential and proprietary information.

(Document No. 248-1, pp.3-4).

Sportsfield now acknowledges that ABT contends it has produced all known responsive documents to Request Nos. 4-6 and 11. (Document No. 261, p.7). Sportsfield has further acknowledged that ABT has confirmed no responsive documents exist to Request No. 7. (Document No. 261, p.8). The undersigned finds that Sportsfield has failed to support a claim that the Court should compel further action as to these Requests.

6

2. **Document Request Nos. 12-13**:

> 12. All documents relating to your relationship with Hellas Construction, Inc., Texas Sports Builders, Inc., Sports Constructors, Inc., J.E.M. Morris Constructions, Inc., Gill Athletics and/or any other organizations which you seek to enjoy Sportsfield and/or Mr. Juszczyk from contacting or soliciting, prior to September 8, 2009, including documents relating to the existence of any relationships, the scope of such relationships and the duration of such relationships.
>
> 13. All documents relating to any change in your relationships with Hellas Construction, Inc., Texas Sports Builders, Inc., Sports Constructors, Inc., J.E.M. Morris Constructions, Inc., Gill Athletics and/or any other organizations which you seek to enjoin Sportsfield and/or Mr. Juszczyk from contacting or soliciting, subsequent to September 8, 2009.

(Document No. 248-1, pp.4-5).

In its response, ABT represents it will supplement its response to these requests. (Document No. 258, p.12-13). To the extent it has failed to perform as promised, ABT shall serve full responses to these requests immediately.

3. **Document Request No. 16**:

> 16. All documents relating to customers and potential customers contacted by Mr. Juszczyk on behalf of ABT.

(Document No. 248-1, p.5).

ABT appears to assert that it has provided an appropriate response to this Request, and Sportsfield's reply fails to persuade the undersigned that further production is necessary. (Document No. 258, p.p.6-7, Document No. 261, p.8). As such, the Court will decline to compel further action at this time.

4. **Document Request Nos. 18-20**:

18. All documents provided by Mr. Juszczyk by ABT at inception, during and/or upon termination of Mr. Juszczyk's employment with ABT relating to ABT's trade secrets, confidential and/or proprietary information.

19. All documents relating to any damages ABT claims as set forth in Paragraphs 87, 93, and 108 of the Amended Complaint and in ABT's Motion for Preliminary Injunction and Memorandum in support thereof.

20. All documents relating to irreparable harm suffered by ABT as set forth in Paragraph 112 of the Amended Complaint and in ABT's Motion for Preliminary Injunction and Memorandum in support thereof.

(Document No. 248-1, p.6).

ABT asserts that it has produced all known responsive, non-privileged documents in response to Request No. 18; Sportsfield does not appear to challenge that assertion. (Document No. 258, p.6; Document No. 261). As noted above in the discussion regarding Interrogatory No. 4, ABT asserts that it will supplement its production regarding Requested No. 19. (Document No. 258, pp.10-11). Likewise, ABT's response also asserts that it "will produce documents responsive to Request No. 20." (Document No. 258, p.14). The undersigned will therefore order that ABT is compelled to immediately supplement its responses to Request Nos. 19-20, if it has not already done so.

5. **Document Request Nos. 22-23:**

    22. All sales literature documents used by ABT during the last three (3) years listing products manufactured by ABT.

    23. All documents provided by ABT, during Mr. Juszczyk's employment by ABT, to its sales staff relating to ABT's manufacturing of outdoor sports equipment products.

(Document No. 248-1, p.7).

ABT again asserts in its response that it has produced "all known responsive, non-privileged documents in response" to Request Nos. 22-23. (Document No. 258, p.7). By its reply, Sportsfield appears to acknowledge ABT's production and fails to offer any argument that further supplementation is required. (Document No. 261, p.7). The undersigned will decline to compel further action at this time.

**C.    Sportsfield's Second Request for Production of Documents and Things**

**1.   <u>Document Request No. 25:</u>**

> 25. Copies of documents for all projects that SportsEdge was awarded from January 1, 2007 to the present, on which it supplied products manufactured by a party other than ABT or SportsEdge.

(Document No. 248-1, p.7).

Defendant ABT states in its response that it has "no additional materials not previously produced, not currently in the possession of Sportsfield and not readily publicly available to Sportsfield." (Document No. 258, p.4). Sportsfield no longer appears to assert that ABT has failed to appropriately respond to this Request. (Document No. 261). The undersigned will decline to compel further action at this time.

**2.   <u>Document Request No. 27:</u>**

> 27. Copies of all documents for all projects identified in Simon Exhibits 4 and 5.

(Document No. 248-1, p.8).

The parties seem to agree that ABT has produced some of the applicable documents – specifically, regarding the Wellville project – and that when/if ABT is able to locate documents regarding the Ft. Zumalt project, it will make those available. The undersigned finds it unnecessary to compel further action regarding this Request.

9

### 3. Document Request No. 29, 38:

> 29. A copy of all documents in the possession of ABT related to Sportsfield, including but not limited to quotes from Sportsfield.
>
> 38. Copies of all documents contained in the computer files of any ABT employee related or referring to Peter Juszczyk.

(Document No. 248-1, pp.8-9).

ABT contends that Sportsfield offers "no justification for such an oppressive and unfocused request" and that it has already produced all Sportsfield quotes in its possession. (Document No. 258, p.15). The undersigned finds that Sportsfield has failed to make a persuasive argument that there are relevant documents responsive to these requests in ABT's possession that it has not already produced. The Court will decline to compel further production at this time.

### 4. Document Request No. 31:

> 31. A copy of all correspondence to and from SportsEdge website designer Lowell Allen related to metatags, keywords and source code located at sportsedge.com, sportsedge.net, and any other website of SportsEdge.

(Document No. 248-1, p.8).

ABT again asserts in its response that it has produced "all known responsive, non-privileged documents in response" to Request No. 31. (Document No. 258, p.9). ABT also appears to suggest that a particular email attachment was misidentified and that it has "located the attachment for production." Id. Sportsfield contends that it "has not been provided with any documents that ABT represented it would produce." (Document No. 261, p.8). To the extent ABT has responsive documents to this request it has not yet produced, it is ordered to produce them immediately.

**5. Document Request Nos. 33-35**:

> 33. A copy of all license agreements between ABT/SportsEdge, and any manufacturers, including but not limited to those related to use of catalogs, designs, CAD drawings, logos and trademarks.
>
> 34. Copies of all correspondence to or from Chris Cucchiara and any SportsEdge employees regarding changes to IACET power point programs, including any correspondence related to changes to Cucchiara Exhibits 33 and 34.
>
> 35. Copies of all correspondence to Beals, Alliance, and/or Jay Beals of Sacramento, California regarding specifying SportsEdge on job quotes.

(Document No. 248-1, p.9).

ABT asserts in its response that it has produced "all known responsive, non-privileged documents in response" to Request Nos. 33-34. (Document No. 258, pp.9-10). Sportsfield does not contest this assertion in its reply, and the undersigned will therefore decline to compel further action as to these requests. (Document No. 261).

As to Request No. 35, ABT offers in its response that it "will produce the minimal correspondence between ABT and Beals Alliance or Jay Beals dating back to January 1, 2007." (Document No. 258, p.12). Sportsfield does not contend that such production would be inadequate. The undersigned therefore orders that ABT immediately produce the documents as promised, if it has not already done so.

### III. CONCLUSION

Based on the foregoing, the undersigned is not persuaded that Court intervention in this discovery dispute was necessary. The parties are respectfully encouraged to resolve their own

disputes where they can, and when Court intervention is required, to narrow the issues as much as possible.

The undersigned further notes that in its motion and its reply brief, Sportsfield seeks to preclude ABT from introducing at trial any evidence or testimony responsive to these discovery demands it has not already produced. (Document No. 247; Document No. 261, p.7). The undersigned expresses no opinion as to Sportsfield's request and will defer a decision as to what evidence or testimony may be produced at trial to the presiding judge.

**IT IS, THEREFORE, ORDERED** that "Defendant Sportsfield's Motion To Compel Or Otherwise Preclude Plaintiff ABT" (Document No. 247) is **GRANTED** in part and **DENIED** in part, as described herein.

**IT IS FURTHER ORDERED** that the parties' requests for expenses and fees incurred in making and opposing the motion to compel are **DENIED.**

**SO ORDERED**.

Signed: January 31, 2011

David C. Keesler
United States Magistrate Judge