# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-119-RLV-DCK

| | |
|---|---|
| ABT, INC.,<br><br>      **Plaintiff,**<br><br>v.<br><br>PETER JUSZCZYK and<br>SPORTSFIELD SPECIALTIES, INC.,<br><br>      **Defendants.** | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel Or Otherwise Preclude" (Document No. 274). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff ABT, Inc. ("Plaintiff" or "ABT") filed a "Complaint For Declaratory Judgment And Damages" (Document No. 1-1) in Iredell County Superior Court on September 30, 2009. On October 30, 2009, Defendants Peter Juszczyk ("Juszczyk") and Sportsfield Specialities, Inc. ("Sportsfield")(together "Defendants") filed a "Notice Of Removal" (Document No. 1) to this Court. Plaintiff's "Verified First Amended Complaint" (Document No. 8) was filed on November 5, 2009, and includes claims for: (1) breach of contract against Juszczyk; (2) tortious interference with contract and business relations against Sportsfield; (3) unfair and deceptive trade practices; (4) computer trespass against Juszczyk; (5) misappropriation of trade secrets;

and (6) injunctive relief. The Court issued a "Memorandum and Order Granting Preliminary Injunction in Favor of Plaintiff ABT" (Document No. 230) on August 10, 2010.

On November 9, 2010, the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 242) which, *inter alia*, set the following deadlines: discovery completion - February 1, 2011; report of mediation - February 1, 2011; motions deadline - February 15, 2011; trial - May 2, 2011. On January 28, 2011, the undersigned allowed a joint motion to extend some of the case deadlines as follows: discovery completion - March 4, 2011; report of mediation - March 11, 2011; dispositive motion deadline - March 18, 2011. (Document No. 290). On February 1, 2011, the undersigned issue an "Order" (Document No. 297) granting in part, and denying in part, "Defendant Sportsfield's Motion To Compel Or Otherwise Preclude Plaintiff ABT" (Document No. 247).

The instant motion to compel (Document No. 274) was filed on January 13, 2011; Defendant Sportsfield's opposition to the motion (Document No. 295) was filed on January 31, 2011; and Plaintiff's "Reply In Support Of ABT's Motion To Compel" (Document No. 298) was filed on February 3, 2011. Plaintiff ABT's motion to compel or otherwise preclude is now ripe for disposition.

## II. DISCUSSION

"Plaintiff ABT, Inc.'s First Set Of Interrogatories To Sportsfield Specialities, Inc." ("Interrogatories") and "Plaintiff's Third Requests For Production Of Documents And Things To Defendant Sportsfield Specialities, Inc." ("Document Requests") were served on counsel for Defendants on September 10, 2010. (Document No. 276-1, pp.10-11, 19-20). Sportsfield served its responses to the Interrogatories and Document Requests on October 4, 2010, and then served

supplemental responses on December 2, 2010. (Document No. 274, pp.1-2; Document No. 276-2, pp.14, 16, 29-30; Document No. 276-3, p.7-8, 15-16).

ABT's pending motion now seeks an Order from the Court compelling Sportsfield to: (1) fully and completely answer Interrogatory Nos. 1, 2, 14, 16, 17 and 19 of ABT's First Set of Interrogatories; (2) produce all documents responsive to Document Request Nos. 3, 4, 5, 6, 12, 13, 14, and 20; and (3) to designate which produced documents are responsive to each of ABT's discovery requests. (Document No. 274, p.1).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's

substantial discretion in resolving motions to compel); and <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Addressing a motion to compel, another district court in this Circuit recently summarized the applicable law applying to interrogatories as follows:

> Federal Rule of Civil Procedure 33 governs interrogatories. It states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." "In responding to interrogatories, all parties are bound to provide 'true, explicit, responsive, complete and candid answers.'" . . . All objections must be stated with specificity and any objection not raised is waived. Fed.R.Civ.P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. . . . "The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party. "The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable."

<u>Alberts v. Wheeling Jesuit University</u>, 2010 WL 1539852 at *2 (N.D.W.Va. April 19, 2010) (citations omitted).

Applying the rules of discovery, the undersigned will address the production Plaintiff ABT seeks to have compelled, and Sportsfield's responses, item by item, below.

**A. ABT's First Set of Interrogatories**

   **1. <u>Interrogatory Nos. 1 and 2</u>:**

      **INTERROGATORY NO. 1**: Identify any sales Peter Juszczyk ("Juszczyk") has made on behalf of Sportsfield from September 8, 2009 to present, including customer, date and project.

      **RESPONSE**: Sportsfield objects to this interrogatory as overly broad, unduly burdensome and not likely to lead to the discovery

of admissible evidence. Sportsfield further objects to this interrogatory to the extent that it requests information previously identified and already in the possession, custody and control of the Plaintiff Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield directs the Plaintiff to Sportsfield's Response to Request No. 4 of Plaintiffs First Set of Requests for Production of Documents and Things to Defendant Sportsfield ("Plaintiff's First Requests") and Sportsfield's Response to Request No. 2 of Plaintiffs Second Set of Requests for Production of Documents and Things to Defendant Sportsfield ("Plaintiffs Second Requests"), and the responsive documents and things produced therewith. Sportsfield reserves its rights to supplement its answers to this interrogatory or any others herein, as additional information become available.

**INTERROGATORY NO. 2**: Identify all customers, potential customers and vendors, including but not limited to contractors and architects that Juszczyk has contacted on behalf of Sportsfield from September 8, 2009 to present, including name, address and date of contact.

**RESPONSE**: Sportsfield objects to this interrogatory as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this interrogatory to the extent that it requests information previously identified and already in the possession, custody and control of the Plaintiff. Sportsfield directs the Plaintiff to Sportsfield's Response to Request No. 4 of Plaintiffs First Requests, Sportsfield's Response to Request No. 1 to Plaintiff's Second Requests, and the responsive documents and things produced therewith. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield submits that Sportsfield does not maintain nor require its employees to maintain a list or a contact log for every communication made to customers, potential customers or vendors. Sportsfield reserves its rights to supplement its answers to this interrogatory or any others herein.

(Document No. 275, pp.13-14).

ABT contends that Interrogatories 1 and 2 "are directly relevant to determining the extent of Sportsfield's and Juszczyk's misconduct in this lawsuit" and that "Sportsfield's references to previous Requests for Production are evasive and incomplete." (Document No. 275, pp.14-15).

In response, Sportsfield maintains its previous objections, and also asserts that it has already produced documents "which reflect the sales that he has made and the projects in which he has been involved" and documents relating to "Juszczyk's communications with customers or potential customers." (Document No. 295, p.8). Sportsfield further declares that it "is not aware of the existence of any additional responsive materials" and "has already produced all responsive documents within it possession, custody or control." (Document No. 295, p.9).

The undersigned finds that the information these Interrogatories seeks is straightforward and relevant to the case. To the extent Sportsfield has failed to fully and completely respond to Interrogatories 1 and 2, or clearly identify its responses, it shall immediately supplement its responses. If, as ABT alleges, Juszczyk has continued to solicit ABT customers, information regarding those contacts shall be provided immediately. (Document No. 298, p.3).

2. **Interrogatory No. 14**:

> **INTERROGATORY NO. 14**: Identify any sale by Sportsfield in which Juszczyk had any involvement of any kind, including customer, project, location and date.
>
> **RESPONSE**: Sportsfield objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this interrogatory to the extent that it requests information previously identified and already in the possession, custody and control of the Plaintiff. Sportsfield directs the Plaintiff to Sportsfield's Responses to Request Nos. 3 and 5 of Plaintiffs Second Requests, and the documents and things produced in response therewith. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield reserves its rights to supplement its answers to this interrogatory or any others herein, as additional information become available.

(Document No. 275, p.10).

ABT argues that the "testimony and documentary evidence in this case conclusively demonstrate that Sportsfield realized significant business as a result of Juszczyk's and Sportsfield's misconduct." (Document No. 275, p.12). In support of motion to compel, ABT cites as an example of Sportsfield's incomplete response, its failure to produce information regarding business with Hellas, even though Sportsfield had "virtually no relationship" with Hellas prior to hiring Juszczyk and has subsequently experienced considerable sales with Hellas. Id.

The undersigned observes that ABT makes a persuasive argument that it is likely that there were sales by Sportsfield, involving Juszczyk, that have not been fully and completely described in response to Interrogatory No. 14. Sportsfield's opposition to the motion to compel does not appear to directly address this interrogatory, or offer any explanation regarding its apparent failure to produce information about its business with Hellas. The Court will require Sportsfield to appropriately supplement its response to Interrogatory No. 14, without further delay.

3. **Interrogatory Nos. 16 and 17**:

> **INTERROGATORY NO. 16**: Identify any and all evidence supporting your claims that you lost business to ABT based on alleged misrepresentations and/or false advertising by ABT.
>
> **RESPONSE**: Sportsfield objects to this interrogatory to the extent it seeks information and/or documents protected by the attorney-client privilege and attorney work product. Sportsfield further objects to this interrogatory to the extent that it requests information previously identified and already in the possession, custody and control of the Plaintiff and/or a third party. Sportsfield is in the process of analyzing and reviewing the evidence relating to its claims and defenses, including the documents that ABT has recently produced. Subject to the general and foregoing objections, as well as the Stipulated Protective

>Order entered in this case, Sportsfield reserves its rights to supplement its answers to this interrogatory or any others herein.
>
>**INTERROGATORY NO. 17**: Identify any persons or entities that have told SSI they were actually misled by ABT's alleged misrepresentations and/or false advertising, and whether said misrepresentations and/or false advertising resulted in that person or entity engaging in business with ABT.
>
>**RESPONSE**: Sportsfield objects to this interrogatory to the extent it seeks information and/or documents protected by the attorney-client privilege and attorney work product. As discovery has just begun, Sportsfield is in the process of reviewing and analyzing the evidence to its claims and defenses. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield will identify requested, non-privileged information.

(Document No. 275, pp.4-5).

ABT contends that Sportsfield "has yet to provide any responsive information" to these interrogatories. (Document No. 275, p.5). In its opposition to the pending motion Sportsfield fails to offer a satisfactory explanation for its lack of response to these interrogatories, but states that it is "continuing to gather information and evidence in support of its claims." (Document No. 295, p.11). As noted above, the original discovery deadline of February 1, 2011 was extended to early March only a few days prior to Sportsfield's opposition brief. Sportsfield's position that it is continuing to review, analyze, and/or gather information and evidence regarding its own counterclaim, asserted on or about December 11, 2009, has become stale and is no longer an adequate explanation for its failure to respond to these requests. If Sportsfield has any information responsive to Interrogatory Nos. 16 and 17, it must provide such information to ABT immediately.

4. **Interrogatory No. 19**:

> **INTERROGATORY NO. 19**: Describe any copying of any information belonging to or related to ABT in the possession of Juszczyk copied onto any Sportsfield computer system, hardware, external hardware or network, including the person ordering the copying, the person performing the copying, the identity of the medium or hardware from which the copy or copies were made, the number of times such copies were made an the dates and times any such copying occurred.
>
> **RESPONSE**: Sportsfield objects to this interrogatory to the extent that it requests information previously identified and/or already in the possession, custody and control of the Plaintiff and/or a third party. Sportsfield directs the Plaintiff to Sportsfield's Responses to Request Nos. 1, and 5-6 of Plaintiff's First Requests, and the documents and things produced in response therewith.

(Document No. 275, p.15-16).

Sportsfield's opposition to the motion to compel indicates that it has previously identified information responsive to this interrogatory and declines to "provide a narrative summary of the testimony that have already been given." (Document No. 295, p.10). ABT has failed to persuade the Court that further action should be compelled regarding this interrogatory.

**B. ABT's Third Request for Production of Documents or Things**

    **1. <u>Document Request Nos. 3, 4, 5, 6</u>**:

> **REQUEST NO. 3**: Copies of all document regarding or related to each project listed on Exhibit A to the Declaration of Wayne Oliver (Docket No. 96-1), or upon which Mr. Oliver referred to produced Exhibit A.
>
> **RESPONSE**: Sportsfield objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this request to the extent that it requests information already in the possession, custody and control of the Plaintiff. Sportsfield further objects to this request to the extent that responsive documents that ABT seeks is at least in part dependent on ABT's production of responsive documents to Sportsfield's discovery requests to date unfulfilled and thus, Sportsfield cannot effectively respond to this request. Sportsfield is in the process of reviewing and analyzing

9

the evidence relating to its claims and defenses, including documents recently produced by ABT.  Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield further reserves its rights to supplement its responses to this request and others herein.

**REQUEST NO. 4**:  Copies of all document regarding or related to each project listed on Exhibit A to the Declaration of Wayne Oliver (Docket No. 96-2), or upon which Mr. Oliver referred to produce Exhibit B.

**RESPONSE**:  Sportsfield objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.  Sportsfield further objects to this request to the extent that it requests information already in the possession, custody and control of the Plaintiff.  Sportsfield further objects to this request to the extent that responsive documents that ABT seeks is at least in part dependent on ABT's production of responsive documents to Sportsfield's discovery requests to date unfulfilled and thus, Sportsfield cannot effectively respond to this request.  Sportsfield is in the process of reviewing and analyzing the evidence relating to its claims and defenses, including documents recently produced by ABT.  Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield further reserves its rights to supplement its responses to this request and others herein

**REQUEST NO. 5**:  Copies of all document regarding or related to each project listed on Exhibit A to the Declaration of Wayne Oliver (Docket No. 96-3), or upon which Mr. Oliver referred to produce Exhibit C.

**RESPONSE**:  Sportsfield objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this request to the extent that it requests information already in the possession, custody and control of the Plaintiff.  Sportsfield further objects to this request to the extent that responsive documents that ABT seeks is at least in part dependent on ABT's production of responsive documents to Sportsfield's discovery requests to date unfulfilled and thus, Sportsfield cannot effectively respond to this request.  Sportsfield is in the process of reviewing and analyzing the evidence relating to its claims and defenses, including documents recently produced by ABT.  Subject to the general and foregoing objections, as well as the Stipulated Protective Order

> entered in this case, Sportsfield further reserves its rights to supplement its responses to this request and others herein.
>
> **REQUEST NO. 6**: Copies of all documents related to all projects that Sportsfield contends it was not awarded but would have been but for unlawful, deceptive, and/or false advertising by ABT.
>
> **RESPONSE**: Sportsfield objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this request to the extent that it requests information already in the possession, custody and control of the Plaintiff. Sportsfield further objects to this request to the extent that responsive documents that ABT seeks is at least in part dependent on ABT's production of responsive documents to Sportsfield's discovery requests to date unfulfilled and thus, Sportsfield cannot effectively respond to this request. Sportsfield is in the process of reviewing and analyzing the evidence relating to its claims and defenses, including documents recently produced by ABT. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield further reserves its rights to supplement its responses to this request and others herein.

(Document No. 275, p.6-8).

ABT contends that it issued these document requests seeking information utilized to create the exhibits to the "Declaration Of Wayne Oliver In Support Of Sportsfield's Motion For Preliminary Injunction" (Document No. 96). (Document No. 275, p.8). ABT asserts that Sportsfield has "refused to produce a single document responsive to these requests." Id. ABT further argues that Mr. Oliver "must have relied on some sort of evidentiary support" to determine that each of the projects listed in his exhibits were lost to ABT as the result of false advertising. Id.

Sportsfield, in its opposition brief, maintains its previous objections, including that the requests are overly broad and unduly burdensome and that the requested documents are already in the possession of ABT. (Document No. 295, p.13). Sportsfield suggests that most, if not all,

of its basis for the exhibits in question was the personal knowledge of sales representatives or other employees that was gathered over the phone, and therefore, "no further records may be available." (Document No. 295, p.14).

The undersigned agrees with ABT's assertion that "Sportsfield either has the supporting documents or it does not. . . . but in either event Sportsfield must respond." (Document No. 298, p.8). It is difficult to accept that Sportsfield alleges that it lost dozens and dozens of projects, and thus millions of dollars of revenue, and yet has no documents it can produce that support its claim that ABT made false representations on any of those projects. (See Document Nos. 96-1; 96-2).

The undersigned will order that Sportsfield produce copies of all documents related to its claims of false advertising or false representations against ABT, as requested. However, the Court will not require Sportsfield to produce *all* documents related to the projects; rather, it must produce all documents from the listed projects, or any other projects, that relate to its allegations of misconduct against ABT.

2. **Document Request No. 12**

> **REQUEST NO. 12**: Copies of documents for all projects that Sportsfield was awarded on which it supplied products manufactured by a party other than Sportsfield.
>
> **RESPONSE**: Sportsfield objects to this request as vague, ambiguous, and overly broad. Sportsfield further objects to this request as irrelevant and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this request as unduly burdensome such that ABT is seeking every document relating to every project that Sportsfield has been awarded during its corporate existence, and thus, Sportsfield cannot effectively respond to this request. Sportsfield further objects to this request to the extent that it requests information and/or documents already in the possession, custody and control of the Plaintiff. Sportsfield

further reserves its right to supplement its responses to this request and others herein.

(Document No. 275, p.10).

ABT has narrowed the scope of its request to "from January 1, 2007 to the present." (Document No. 275, p.13). Sportsfield, however, contends that the request "continues to be overly broad, unduly burdensome and irrelevant to the claims and defenses set forth by ABT." (Document No. 295, p.12). Sportsfield further states that the request would require it to "produce practically every document in its possession relating to projects awarded to it over the years, even though these documents are not probative of the underlying issue of ABT's misrepresentations or likely lead to admissible evidence." Id.

The undersigned agrees with Sportsfield in this instance and will decline to compel further action.

> **3. Document Request Nos. 13 and 14**:
>
> **REQUEST NO 13**: Copies of all documents regarding or related to any project in which Peter Juszczyk had or has any involvement on behalf of Sportsfield.
>
> **RESPONSE**: Sportsfield objects to this request as overly broad, vague, ambiguous and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this request to the extent that it requests information and/or documents already in the possession, custody and control of the Plaintiff. Sportsfield directs Plaintiff to Sportsfield's Response to Request No. 4 of Plaintiff's First Requests, Sportsfield's Response to Request No. 1 to Plaintiff's Second Requests, and the responsive documents and things produced therewith. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield submits that no additional responsive documents exist. Sportsfield further reserves its right to supplement its responses to this request and others herein.
>
> **REQUEST NO. 14**: Copies of all documents regarding or relating to any customer or potential customer with whom Peter Juszczyk

> has had contact on behalf of Sportsfield from September 1, 2009 to present.
>
> **RESPONSE**: Sportsfield objects to this request as overly broad, vague, ambiguous, and unduly burdensome, such that Sportsfield cannot determine the documents sought by ABT. Sportsfield further objects to this request as not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this request to the extent that it requests information and/or documents already in the possession, custody and control of the Plaintiff. Sportsfield directs Plaintiff to Sportsfield's Response to Request No. 4 of Plaintiff's First Requests, Sportsfield's Response to Request No. 1 to Plaintiffs Second Requests, and the responsive documents and things produced therewith. Sportsfield further reserves its right to supplement its responses to this request and others herein.

(Document No. 275, pp.10-11).

ABT contends that it needs Sportsfield's financial and sales information related to these requests in to order to fully evaluate it damages. (Document No. 275, p.11). ABT alleges that Sportsfield has yet to "provide the full breadth of responsive information or documents to these requests." Id. ABT also alleges that Sportsfield's claim that it "has already produced all existing documents regarding these requests is patently false." (Document No. 298, p.4).

The undersigned agrees with ABT's assertion that documents related to sales on projects Juszczyk was involved with, including ongoing contact Sportsfield may have had with such projects or customers, are relevant and must be produced. To the extent Sportsfield has failed to fully and completely respond to Request Nos. 13 and 14, or to clearly and specifically identify previous production it claims satisfies these requests, it shall immediately supplement its production of documents.

### 4. Document Request No. 20

> **REQUEST NO. 20**: Copies of all correspondence to or from Beals Alliance, and/or Jay Beals of Sacramento, California regarding specifying Sportsfield or ABT on job quotes.
>
> **RESPONSE**: As discovery is ongoing, Sportsfield will produce non-privileged, responsive documents as may be in its possession, custody and control.

(Document No. 275, p.13).

ABT contends that it has not received a single document responsive to this request, nor any indication of when to expect a response. Sportsfield's response to the motion to compel provides no additional information, or objection, to this request. (Document No. 295, p.12). Sportsfield merely states again that it "*will produce* non-privileged, responsive documents as may be in its possession, custody and control." Id. (emphasis added). As noted above, the original discovery deadline has passed and the new deadline is imminent. The undersigned views Sportsfield's response to this request as inadequate and untimely. Defendant Sportsfield shall immediately provide a full and complete response to this request.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Or Otherwise Preclude" (Document No. 274) is **GRANTED** in part and **DENIED** in part, as described herein.

**IT IS FURTHER ORDERED** that the parties' requests for expenses and fees incurred in making and opposing the motion to compel are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Expedited Consideration" (Document No. 299) is **DENIED AS MOOT**.

Signed: February 10, 2011

David C. Keesler
United States Magistrate Judge