# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## Civil Action No.: 5:09CV119-V

| | |
|---|---|
| ABT, INC.,<br>    Plaintiff,<br><br>v.<br><br>PETER JUSZCZYK and<br>SPORTSFIELD SPECIALTIES, INC.,<br>    Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff ABT's Motion To Appoint Master, filed December 10, 2010. (Document #256) Defendants oppose the request. (Documents ##260, 265)

Plaintiff's request for appointment of a special master is in response to its concern that Defendant Peter Juszczyk, *pro se*, should not have unsupervised access to discovery materials identified as "Attorney's Eyes Only."[1] Plaintiff suggests that appointment of a master – to be funded entirely by the Defendants – near Juszczyk's home in Missourri will remedy the situation. Plaintiff ABT contemplates use of a master to maintain possession and control of the documents, conduct a post-visit inventory following Juszczyk's access, and provide certification to the Court that no documents were removed by Juszczyk. (Motion at 5)

Pursuant to Rule 53 of the Federal Rules of Civil Procedure,

> [A] court may appoint a master only to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."
>
> In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay.

---

[1] As counsel for Defendant Sportsfield points out, ABT voiced no objection to the Motion to Withdraw from Juszczyk's former counsel.

Fed. R. Civ. P. 53(a)(1)(C) and (a)(3). The appointment process prescribed by Rule 53 is involved, as is the procedure for adopting any order, report, or recommendations issued by the master. *See* Fed. R. Civ. P. 53(a), (c), and (f).

Defendants contend that appointment of a master is unnecessary and a waste of resources. Defendant Juszczyk represents that he cannot afford the additional expense and likewise that it would be impossible for him to retain and commit to memory such a large amount of information. Defendant Sportsfield argues that appointment of a master will only create further delay. Defendants' objections are well taken. As an initial matter, Defendant Juszczyk has been advised by the Court, as well as opposing counsel, that the November 2009 Protective Order governs the handling of confidential and proprietary materials. More specifically, the parties agreed that all Classified Information, including those desginated as "Attorney's Eyes Only," "received in the course of this litigation shall be used solely for the purpose of the litigation and for no other purpose." (Document #20 / Protective Order, ¶22) This is the expectation of this Court during the pendency of this case. Should Plaintiff (or *any* party) identify a potential breach of this instruction, an appropriate motion may be made. Finally, Magistrate Judge Keesler has provided thoughtful and timely assistance with respect to many of the pretrial matters that have arisen thus far. For these reasons, Plaintiff's Motion to Appoint Master will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Appoint Master is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Sportsfield's request for reimbursement of the associated costs and attorneys' fees is also **DENIED**.

Signed: February 25, 2011

Richard L. Voorhees
United States District Judge