# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-119-RLV-DCK

| | |
|---|---|
| ABT, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> PETER JUSZCZYK and <br> SPORTSFIELD SPECIALTIES, INC., <br><br> **Defendants.** | <u>**ORDER**</u> |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Re-Designate As Attorneys' Eyes Only" (Document No. 291). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the motion will be denied without prejudice.

Plaintiff ABT, Inc. ("Plaintiff") filed the pending "Motion To Re-Designate As Attorneys' Eyes Only" (Document No. 291) on January 28, 2011, requesting that the Court remove the allegedly improper "Attorneys' Eyes Only" designations made by Defendant Sportsfield Specialities, Inc. ("Defendant") on over one hundred (100) documents identified in the motion. "Defendant Sportsfield's Memorandum In Opposition To Plaintiff ABT, Inc.'s Motion To Re-Designate Documents" (Document No. 309) was filed February 14, 2011. Providing very little detail, Defendant's response principally contends that its document designations were made in good faith and are appropriate, and that Plaintiff failed to attempt to resolve this dispute prior to filing its motion. (Document No. 309). Plaintiff's "Reply In Support of ABT's Motion To Re-Designate Documents Designated as Attorney's Eyes Only" (Document No. 313) was filed February 22, 2011,

and asserts that Defendant has ignored its own burden to establish that even a single one of the documents is properly designated as Attorneys' Eyes Only.

The Court first takes notice that the "Pretrial Order And Case Management Plan" governing this case provides:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

(Document No. 242, p.4).

Plaintiff's motion avers that "ABT has attempted in good faith to confer with Sportsfield to resolve the dispute as to the improper designations, but was unable to do so." Plaintiff's motion and subsequent filings suggest that, at best, ABT attempted to *confer*, not that Plaintiff made a good faith attempt to *resolve* this discovery dispute. Defendant alleges that "[r]ather than engaging in good faith discussions to resolve the alleged dispute over designations, ABT chooses to aggressively litigate this issue." (Document No. 309, p.1).

The "Protective Order" (Document No. 20) in this matter provides in pertinent part that:

> 8. "Attorneys' Eyes Only" shall be a designation reserved for competitively sensitive business, research & development, business planning, financial, and/or sales information, trade secrets and unpublished patent applications, that, if disclosed to competitors in the field at issue, would reveal technical or business advantages of the designating party. Additional categories of materials may be designated as "Attorneys' Eyes Only" only by agreement of the parties or order of the Court. Information shall not be designated as "Attorneys' Eyes Only" unless the designating party has a good faith belief that such information meets these requirements.
>
> . . .

> 16. Any party objecting to the designation of Classified Information shall provide written notice to the designating party requesting change to or withdrawal of the designation. If the receiving party and the designating party fail to resolve the dispute, the receiving party may apply to this Court for an order removing or changing such designation or otherwise modifying the provisions hereof as related to such designated items. The designating party shall bear the burden of establishing the correctness of the designation. The information shall be treated as if properly designated while any dispute over the designation is pending.

**(Document No. 20, pp.4,6).**

After an initial review of the documents, it does appear that Defendant may have been over-inclusive in its use of the "Attorneys' Eyes Only" designation. In particular, Defendant's own characterization of its designation of "the files and emails identified and provided by Ms. McMinn after her forensic analysis" (HRFM 3424 - HRFM 4764) indicates a blanket approach to designation, rather than the more deliberate approach the undersigned finds is required by the "Protective Order." (Document No. 309, p.2).

The undersigned observes, however, that Defendant responded to Plaintiff's January 6, 2011 letter with an email on January 21, 2011, explaining its position as to some of the documents, and offering a compromise on the designation dispute:

> With respect to your request to redesignate the documents contained in the McMinn analysis production we agree that the attachments are considered CONFIDENTIAL, are marked as such, and can be viewed by a proper signatory to the SPO. The underlying emails are AEO because of certain sensitive information, if you wish we can redact the information considered AEO and redesignate redacted versions so you can share with the designated ABT representatives. With respect to the other documents identified we can also redact and redesignate if you are agreeable.

(Document No. 309-2, p.2). Defendant contends that Plaintiff ignored its offer of compromise and filed the pending motion to re-designate with the Court, without responding to Defendant's

3

proposal.  (Document No. 309, pp.2, 4-5).  Plaintiff's reply brief does not address Defendant's proposal.

Plaintiff's reply instead contends that it "attempted in good faith to resolve the designation issues with Sportsfield."  (Document No. 313, p.6).  Plaintiff's example of its effort is that it "asked Sportsfield, in writing, to reconsider the designation" and further "offered to restrict access to the improperly designated documents to only ABT principals, Ralph Brafford and Tom Simon, for the purpose of mediation and trial."  Id.  Plaintiff seems to view its January 6, 2011 notice letter as a good faith effort to resolve the designation dispute.  Although the letter does make the constructive suggestion of Defendant allowing a sole representative of ABT to review disputed documents, it is primarily a demand that Defendant agree to its proposed re-designation or be forced to respond to a motion to the Court.  (Document No. 302-1).

Based on the parties' failure to adequately attempt to resolve this dispute consistent with the spirit, purpose, and directives of the "Pretrial Order And Case Management Plan" and the "Protective Order," the motion will be denied without prejudice.  If Plaintiff renews its efforts to have certain documents re-designated, it shall specifically identify the documents to be re-designated and then confer with Defendant's counsel regarding each of those documents, as well as any options for compromise.  Defendant's counsel shall engage in good faith in any discussions regarding re-designation, and shall re-designate as appropriate, without delay.

If the parties still cannot entirely resolve their dispute over document designation, Plaintiff may re-apply to this Court for an order removing or changing the disputed designations.  Defendant shall respond to any motion for re-designation within **five (5) days,** and must include *specific* grounds, consistent with ¶¶ 8 and 16 of the "Protective Order," supporting the correctness of its designation for each of the disputed documents.

Any further motions to the Court on this issue, or any other discovery issue, shall describe the parties' efforts to resolve the dispute without Court intervention, and identify the remaining areas of disagreement. Failure to make good faith efforts to resolve further disputes will likely result in sanctions against either or both parties.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Re-Designate As Attorneys' Eyes Only" (Document No. 291) is **DENIED WITHOUT PREJUDICE**.

Signed: March 3, 2011

David C. Keesler
United States Magistrate Judge