IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:09-CV-119-RLV-DCK

| | |
|---|---|
| ABT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER JUSZCZYK and <br> SPORTSFIELD SPECIALTIES, INC., <br><br> Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Reconsideration Of Order Denying ABT, Inc.'s Motion For Leave To Amend Verified First Amended Complaint" (Document No. 373). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for review. Having carefully considered the motion, the record, and applicable authority, the motion will be denied.

## BACKGROUND

On March 19, 2011, Plaintiff filed its "Motion For Leave To Amend Verified First Complaint" (Document No. 339). After careful consideration of the motion to amend, as well as Defendant's Sportsfield's response (Document No. 353), and Plaintiff's reply in support of the motion (Document No. 361), the undersigned issued an "Order" (Document No. 366) denying the motion to amend on April 26, 2011. The instant motion seeking reconsideration of that denial was filed on April 29, 2011. On May 16, 2011, Defendant Sportsfield timely filed its "...Memorandum In Opposition..." (Document No. 385); and on May 26, 2011 Plaintiff filed its "Reply In Support Of Motion For Reconsideration..." (Document No. 386). The pending motion is now ripe for disposition.

As Defendant Sportsfield notes, this Court has recently addressed the standard for a motion for reconsideration. (Document No. 385, pp.2-3). The Court opined as follows:

> Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. Fed.R.Civ.P. 54(b). Rule 54 does not set out a standard for reconsideration of interlocutory orders, like the one at issue here. The Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir.2003). Though motions for reconsideration of interlocutory orders are subject to a lower standard, they are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. See Akeva, L.L.C. v. Adidas America, Inc., 385 F.Supp.2d 559, 565 (M.D.N.C.2005).

Pender v. Bank of America Corp., 3:05-CV-238-GCM, 2011 WL 62115 at *1 (W.D.N.C. Jan. 7, 2011); see also, Stephens v. Wachovia Corp., 3:06-CV-246-MR, 2008 WL 1820928 at *2 (W.D.N.C. Apr. 21, 2008) (further noting that "the decision whether to reconsider or modify an interlocutory order is a matter within the discretion of the Court.").

As in Pender, the undersigned is not persuaded that Plaintiff has identified any of the narrow circumstances appropriate for granting a motion to reconsider; namely, Plaintiff has not argued that new evidence has been discovered, that there has been an intervening development or change in the law, or that there is a need to correct a clear error or prevent a manifest injustice.

The undersigned has reviewed Plaintiff's explanations for delays in this case, as well as its theory that denying the opportunity to amend might result in piecemeal litigation.

2

Nevertheless, the undersigned is not convinced that granting the motion for reconsideration is appropriate.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Reconsideration Of Order Denying ABT, Inc.'s Motion For Leave To Amend Verified First Amended Complaint" (Document No. 373) is **DENIED**.

Signed: June 9, 2011

David C. Keesler
United States Magistrate Judge