# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-119-RLV-DCK

| | |
|---|---|
| ABT, INC.,<br><br>      **Plaintiff,**<br><br>v.<br><br>PETER JUSZCZYK and<br>SPORTSFIELD SPECIALTIES, INC.,<br><br>      **Defendants.** | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel" (Document No. 381). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the motion will be denied.

## I. BACKGROUND

Plaintiff ABT, Inc. ("Plaintiff" or "ABT") filed a "Complaint For Declaratory Judgment And Damages" (Document No. 1-1) in Iredell County Superior Court on September 30, 2009. On October 30, 2009, Defendants Peter Juszczyk ("Juszczyk") and Sportsfield Specialities, Inc. ("Sportsfield") (together "Defendants") filed a "Notice Of Removal" (Document No. 1) to this Court. Plaintiff's "Verified First Amended Complaint" (Document No. 8) was filed on November 5, 2009, and includes claims for: (1) breach of contract against Juszczyk; (2) tortious interference with contract and business relations against Sportsfield; (3) unfair and deceptive trade practices; (4) computer trespass against Juszczyk; (5) misappropriation of trade secrets; and (6) injunctive relief. The Court issued a "Memorandum and Order Granting Preliminary Injunction in Favor of Plaintiff ABT" (Document No. 230) on August 10, 2010.

On November 9, 2010, the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 242) which, *inter alia*, set the following deadlines: discovery completion - February 1, 2011; report of mediation - February 1, 2011; motions deadline - February 15, 2011; trial - May 2, 2011. Regarding the motions deadline, the "Pretrial Order..." provides that "[a]ll motions except motions in limine and motions to continue shall be filed no later than" the motions deadline. (Document No. 242, p.3). On January 28, 2011, the undersigned allowed a joint motion to extend some of the case deadlines as follows: discovery completion - March 4, 2011; report of mediation - March 11, 2011; dispositive motions deadline - March 18, 2011. (Document No. 290).

On February 10, 2011, the undersigned issued an "Order" (Document No. 307) granting in part and denying in part Plaintiff's previous "...Motion To Compel..." (Document No. 274) filed on January 13, 2011. That motion to compel involved Plaintiff's request to compel Defendant Sportsfield to respond to Plaintiff's First Set Of Interrogatories and Third Requests For Production Of Documents And Things. (Document No. 274). On March 9, 2011, the mediation deadline was extended to March 25, 2011, and the discovery completion deadline was further extended to March 30, 2011. (Document No. 333). Then on March 23, 2011, the undersigned issued a "Notice" (Document No. 343) affirming that "the case deadlines remain as previously agreed upon by the parties on March 8, 2011, and ordered by the Court on March 9, 2011." Pursuant to the revised motions deadline, multiple summary judgment motions were filed on April 1, 2011. (Document Nos. 331 and 333; see also, Document Nos. 346, 347 and 350).

The pending "Motion To Compel" (Document No. 381), along with a "Memorandum Of Law..." (Document No. 382), was filed on May 10, 2011, and seeks an order from the Court

compelling Defendant Sportsfield to fully respond to certain interrogatories and a request for document production. (Document No. 381). "Defendant Sportsfield's Memorandum In Opposition To ABT's Motion To Compel" (Document No. 388) was filed May 27, 2011; and "Plaintiff ABT, Inc.'s Reply In Support Of Motion To Compel" (Document No. 393) was filed on June 6, 2011. As such, the pending motion is now ripe for disposition.

## II. DISCUSSION

"Plaintiff ABT, Inc.'s Second Set Of Interrogatories To Sportsfield Specialities, Inc." ("Interrogatories") and "Plaintiff's Fourth Request For Production Of Documents And Things To Defendant Sportsfield Specialities, Inc." ("Document Requests") were served on counsel for Defendants on November 15, 2010. (Document No. 382 p.2; Document Nos. 383-1 & 383-2). Sportsfield served its responses to the Interrogatories and Document Requests on December 20, 2010. Id. Plaintiff's pending motion now seeks an Order from the Court compelling Sportsfield to: (1) fully and completely answer Interrogatories No. 22, 23, and 24 of Plaintiff's Second Set of Interrogatories; and (2) to produce all documents responsive to Document Request No. 21 of Plaintiff's Fourth Request For Production. (Document No. 381).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Applying the rules of discovery, the undersigned will address the production Plaintiff seeks to have compelled below.

**A. Interrogatories**

   **1. Interrogatories No. 22, 23 and 24**:

   **INTERROGATORY NO. 22**: List sales revenue and costs of sales, identified by customer and month, for Sportsfield for the fiscal years ending 2005, 2006, 2007, 2009, and 2010.

   **ANSWER**: Sportsfield objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this interrogatory as Plaintiff ABT is seeking Sportsfield's business and/or customer information not related to the customers that ABT alleges are at issue in this action. Sportsfield further objects to this interrogatory to the extent that Plaintiff ABT seeks fiscal accounting of Sportsfield's business operation in a manner that is not consistent with Sportsfield's business records. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield reserves its rights to supplement its answers to this interrogatory or any others herein.

**INTERROGATORY NO. 23**: For the sales revenue and costs of sales provided in response to Interrogatory No. 22, identify which products sold were manufactured by Sportsfield and which products sold were manufactured by a third-party.

**ANSWER**: Sportsfield objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield partners with ACO Polymer Products, Inc., Midwest Diversified Technologies, Inc., Eversan, Inc. and Promats Athletics, to provide their respective offerings. Sportsfield further directs Plaintiff to discovery documents identified by bates nos. HRFM 2566-3180 and HRFM 3319. Sportsfield reserves its rights to supplement its answers to this interrogatory or any others herein.

**INTERROGATORY NO. 24**: For products identified in Interrogatory No. 21 and No. 23 that are manufactured by Sportsfield, identify the standard manufacturing cost by labor, materials and overhead for each identified product.

**ANSWER**: Sportsfield objects to this interrogatory as vague, irrelevant, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this interrogatory to the extent that Plaintiff ABT seeks Sportsfield's internal financial and business operations information that is not relevant to the issues present in this action. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield reserves its rights to supplement its answers to this interrogatory or any others herein.

(Document No. 382; Document No. 383-3, pp.6-7).

Plaintiff contends that these Interrogatories "are directly targeted to ascertain the profits Sportsfield gained as a result of its wrongful conduct at the expense of ABT," and that "Sportsfield has repeatedly refused to produce information directly pertinent to ABT's damages." (Document No. 382, p.4). Plaintiff further asserts that "Sportsfield has failed to produce any financial information to ABT." (Document No. 382, p.5). Plaintiff argues that the

5

requested information is appropriate to demonstrate any benefit Sportsfield received from Sportsfield's and Juszczyk's alleged unlawful activity, and to assess damages. Id.

In response, Sportsfield contends that Plaintiff's current motion to compel "should be denied as untimely and without merit." (Document No. 388, p.1). Sportsfield notes that Plaintiff's motion was filed five (5) months after it served timely responses and objections to the discovery in question, and more than a month after the discovery and motions deadlines in this case. Id. In addition, Sportsfield refutes Plaintiff's claim that it "has failed to produce any financial information to ABT," and asserts that it "has already produced significant financial information for ABT." (Document No. 382, p.5; Document No. 388 p.1).

In support of its argument that the motion is untimely, Sportsfield contends that courts in the Fourth Circuit have consistently denied motions to compel as untimely when filed after the close of discovery. (Document No. 388, p.5). In one such case, Greene v. Swain County Partnership for Health, 342 F.Supp.2d 442, 449 (W.D.N.C. 2004), this Court denied a motion to compel as untimely where it was filed 21 days after the discovery deadline and 6 days after the motions deadline. Id. The instant motion to compel was filed 41 days after the close of discovery and 39 days after the motions deadline. Id. Sportsfield contends that ABT has failed to offer any justification or reason for its delay. (Document No. 388, p.4).

Next, Sportsfield re-asserts its objection to the discovery requests as overly broad and unduly burdensome. (Document No. 388, p.5). Sportsfield argues that Plaintiff has refused to make a "good faith" effort to resolve or narrow the parties' dispute since first becoming aware of Defendant's objections in December 2010. Id. In addition, Sportsfield argues that Plaintiff's demands are excessive in that they seek "a full scope of Sportsfield's financial documents for the past 5 fiscal years, when Mr. Juszczyk was only hired in September 2009 and worked in the

6

sales role for less than 2 months." (Document No. 388, p.6). Sportsfield then persuasively contradicts Plaintiff's allegation regarding financial information and describes significant relevant financial information and documents provided in February 2011, as well as a recent supplement to its production. (Document No. 388, p.7).

In reply, Plaintiff argues that Sportsfield has tried "to distract this Court with feigned hardship and claims that it has already produced significant financial information." (Document No. 393, p.3). The undersigned respectfully observes that Sportsfield's detailed list of the financial information it has provided was on point and relevant to Plaintiff's motion to compel, which basically asserts that no financial information had been provided and that Plaintiff was unable to evaluate damages without the production of Sportsfield's financial information. See (Document No. 382, p.5) ("Sportsfield has failed to produce any financial information to ABT despite its clear probative value to ABT's claims and ABT's damages.")

Plaintiff's reply further argues that its motion to compel was filed promptly. (Document No. 393, p.4). Plaintiff suggests that its persistent efforts to resolve this dispute without Court intervention led to the filing date. (Document No. 393, p.4). While the Court appreciates Plaintiff's efforts, as well as its recognition of the Local Rules and prior admonitions by the Court, the delay here is not sufficiently justified by this rationale. Parties are universally encouraged to resolve their disputes without Court intervention where possible, but the Court does not find such alleged efforts to be good cause here for the filing of a motion to compel approximately five months after the discovery responses in dispute, and more than a month after the discovery completion and motions deadlines have expired.

Based on the foregoing, the undersigned concludes that the motion to compel should be denied. The undersigned agrees with Sportsfield that the motion is untimely; moreover, even if

the motion had been timely filed, there is a strong argument that the Interrogatories in dispute are, at a minimum, overly broad since they seem to seek financial information from Sportsfield without appropriate limitations regarding the parties and issues in this lawsuit. At an earlier date, the parties, with or without the Court's intervention, may have been able to sufficiently narrow the requested information; however, the time to attempt that resolution has now passed.

**B. Request for Production of Documents or Things**

1. **Document Request No. 21**:

    **REQUEST NO. 21**: Provide copies of any and all documents or things referred to or used to prepare Sportsfield's response to ABT's Second Interrogatories to Sportsfield Nos. 20, 21, 22, 23 and 24.

    **RESPONSE NO. 21**: Sportsfield objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Sportsfield further objects to this request to the extent it seeks information and/or documents protected by the attorney-client privilege and attorney work product. Sportsfield further objects to this request as Plaintiff ABT is seeking Sportsfield's business and/or customer information not related to the customers that ABT alleges are at issue in this action. Sportsfield further objects to this request to the extent that Plaintiff ABT seeks fiscal accounting of Sportsfield's business operation in a manner that is not consistent with Sportsfield's business records. Sportsfield further objects to this request to the extent that Plaintiff ABT seeks Sportsfield's internal financial and business operations information that is not relevant to the issues present in this action. Sportsfield further objects to this request to the extent that it requests information and/or documents already in the possession, custody and control of the Plaintiff and/or a third party. Subject to the general and foregoing objections, as well as the Stipulated Protective Order entered in this case, Sportsfield directs Plaintiff to discovery documents identified by bates nos. HRFM 00777-783, HRFM 2566-3180, HRFM 3319 and HRFM 3421-3423. Sportsfield further reserves its right to supplement its responses to this request and others herein.

(Document No. 382; Document No. 383-4, p.5).

Plaintiff contends that Sportsfield has not produced a single document relating to Interrogatories No. 22, 23, and 24. (Document No. 382, p.8). In light of the undersigned's decision to decline to compel responses to these Interrogatories, the Court will also decline to compel production of documents related to these Interrogatories.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel" (Document No. 381) is **DENIED**.

Signed: June 9, 2011

David C. Keesler
United States Magistrate Judge