# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-119-RLV-DCK

| | |
|---|---|
| ABT, INC.,<br><br>      **Plaintiff,**<br><br>v.<br><br>PETER JUSZCZYK and<br>SPORTSFIELD SPECIALTIES, INC.,<br><br>      **Defendants.** | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Emergency Motion To Quash Notice Of Deposition And For Enforcement Of Scheduling Order" (Document No. 398) filed June 10, 2011. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

Plaintiff's pending motion seeks to quash the notice of a June 21, 2011 deposition of Hellas Construction Co., Inc.'s President and Chief Executive Officer, Reed Seaton. (Document No. 399). Plaintiff's "Memorandum Of Law..." states that "Mr. Seaton and his company, Hellas Construction, have been key components of every phase of this lawsuit and appear in virtually every pleading filed by the parties since the start of this action on September 30, 2009." (Document No. 399, pp.1-2). Plaintiff also acknowledges that Defendant Sportsfield disclosed Mr. Seaton as a potential witness in this matter in January 2011. (Document No. 399, p.3).

In its pending emergency motion, Plaintiff asserts that by seeking Mr. Seaton's deposition, Sportsfield is engaging in improper discovery and should be sanctioned by the Court. (Document No. 398). Plaintiff argues that the notice of deposition comes well after the

completion of discovery in this matter and just a few weeks before trial. Id. Plaintiff interprets the deposition notice as an "end-run around this Courts Scheduling Order [that] is nothing more than a transparent pre-trial stunt in direct and blatant defiance of this Court's scheduling Order. Sportsfield's ploy is but the latest example of gamesmanship and derogation of this Court's orders." (Document No. 399, p.2). Plaintiff requests that the Court prohibit Sportsfield from taking the deposition of Reed Seaton or any witness from Hellas Construction; prohibit Sportsfield from subpoenaing any third-party witness for the purpose of presenting trial testimony; and issue sanctions against Sportsfield. (Document No. 398, p.3).

In response, Defendant Sportsfield paints a completely different picture. (Document No. 404). Sportsfield contends that it "is in no way attempting to perform discovery, but is attempting to secure Mr. Seaton's testimony for trial." (Document No. 404, p.3). In support of its position, Sportsfield distinguishes the cases cited by Plaintiff and asserts that the "Fourth Circuit and numerous other district courts have recognized the distinct role of a deposition for just such a purpose." (Document No. 404, pp.3-4).

Sportsfield further explains in its response that it learned approximately two weeks ago that Mr. Seaton would not be able to appear at trial in Statesville in July 2011. (Document No. 404-2, p.3). Because Mr. Seaton's place of business and residence are in and around Austin, Texas, Sportsfield contends that he is beyond the subpoena power of this Court and cannot be compelled to attend the trial in this matter. Id. As such, Sportsfield argues that its "Rule 45 subpoena, along with the usual Notice of Deposition to the other parties, is an appropriate mechanism for recording and preserving the testimony of a witness who cannot be compelled to attend a trial." (Document No. 404, p.2).

In further support of its position, Sportsfield cites to a recent decision from the Eastern District of North Carolina, which states in part:

> It was foreseeable that plaintiffs could seek to present his testimony. They could have done so at trial, although that would appear to have required [him] to appear voluntarily. Instead, they have chosen to obtain his testimony through a *de bene esse* deposition using compulsory process. The Fourth Circuit, this court, and other courts continue to recognize the distinct role of a *de bene esse* deposition to preserve trial testimony and to distinguish it from a deposition taken for the purpose of discovery.

The Neighbors Law Firm v. Highland Capital Management, L.P., 2011 WL 649925 at *2 (E.D.N.C. Feb. 10, 2011) (citations omitted).

The Neighbors Law Firm decision also provides in discussion pertinent to this case that only the court issuing a subpoena may quash that subpoena. Id. (citing Fed.R.Civ.P. 45(c)(3)(A), (B)). This Court has previously reached the same conclusion as the Eastern District, finding that "Rule 45 of the Federal Rules of Civil Procedure only provides authority to the 'issuing court' to modify, enforce, or quash a subpoena." Koch Industries, Inc. v. Hoechst AG, 3:03CV1516-RLV, 2008 WL 4167042 at *1 (W.D.N.C. Sept. 3, 2008).

Defendant's counsel has declared to the Court that he discussed the proposed deposition on June 9, 2011 with Plaintiff's counsel, prior to the filing of Plaintiff's emergency motion, and that he "clearly and emphatically informed ABT's counsel that the proposed deposition of Read Seaton was being scheduled because he indicated he would not be available to attend the trial in this matter." (Document No. 404-2, p.3). Plaintiff's motion acknowledges consultation with Sportsfield's counsel on June 9, 2011, but fails to describe Defendant's position that the deposition is intended to preserve testimony, not to pursue discovery. Instead, Plaintiff argues

that the proposed deposition violates the Court's scheduling order and constitutes sanctionable behavior. (Document Nos. 398, 406).

Plaintiff's reply brief, as well as a supplemental brief filed by Sportsfield, both filed on June 16, 2011, indicate that on June 15, 2011, Plaintiff filed a "Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action" (Document No. 405-1) to Mr. Seaton. (Document Nos. 405, 406). There is not a proper motion regarding Plaintiff's own recent subpoena to Mr. Seaton requiring action by the Court. Nevertheless, the undersigned respectfully observes that Plaintiff's subpoena appears inconsistent with Plaintiff's own arguments regarding the pending motion, particularly since Plaintiff's subpoena explicitly seeks discovery in the form of six (6) requests for production of documents. (Document No. 405-1, pp.8-9).

Based on the foregoing, the undersigned finds that Plaintiff's "Emergency Motion To Quash..." (Document No. 398) should be denied. The Court construes Plaintiff's motion as a request to quash the notice of deposition and subpoena of Mr. Seaton. (Document No. 399-1). First and foremost, it appears that a motion to quash a subpoena issued by the United States District Court for the Western District of Texas is not properly before this Court.

To the extent the pending motion also seeks to quash the notice of deposition and/or seeks enforcement of this Court's scheduling order, the undersigned does not find that the "Pretrial Order And Case Management Plan" (Document No. 242) directly addresses the issue of depositions intended to preserve testimony for trial. The "Pretrial Order..." does provide that "[d]iscovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the court for good cause shown." It is unclear whether this language is applicable to the current dispute; nevertheless, after reviewing the

parties' arguments and the "Pretrial Order...," the undersigned is persuaded that Defendant Sportsfield has shown good cause for the proposed deposition – for the sole purpose of preserving testimony for trial.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Emergency Motion To Quash Notice Of Deposition And For Enforcement Of Scheduling Order" (Document No. 398) is **DENIED**.

Signed: June 16, 2011

David C. Keesler
United States Magistrate Judge