IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO. 5:09CV119-V

| | |
|---|---|
| ABT, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>PETER JUSZCZYK and )<br>SPORTSFIELD SPECIALTIES, INC., )<br>      Defendants. )<br>_____ ) | **ORDER**<br>Denying ABT's Motion For Reconsideration |

**THIS MATTER** is before the Court on ABT's Motion For Reconsideration of the Court's April 7, 2011 Order Denying ABT's Motion For Show Cause Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, filed April 29, 2011. (Document #375)

On April 7, 2011, the Court issued a written Order setting forth the reasons for its decision to 1) cancel the previously scheduled evidentiary hearing; and 2) deny ABT's Motion for Show Cause Order to explore whether Sportsfield should be held in contempt of the Preliminary Injunction and its terms. (Document #356)

Rule 54(b) provides in part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may* be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (2009); American Canoe Assoc., Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir.2003) (distinguishing motions to reconsider a final judgment with motions to reconsider interlocutory orders and explaining that less stringent standard applies to the latter); *see also* Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12 (1983) (reconsideration is discretionary). Motions for reconsideration of an interlocutory order are appropriately granted upon (1) the discovery of new evidence, (2) an intervening development or change in the controlling

law; or (3) the need to correct a clear error or prevent manifest injustice. *See* Pender v. Bank of America, Corp., 2011 WL 62115 (W.D.N.C. Jan. 7, 2011) (*internal citations omitted*); Faris v. SFX Entm't, Inc., 2006 WL 3690632, *8 (W.D.N.C. Dec.12 ,2006) ("Reconsideration by re-argument is not proper under Rule 54.")

In support of its motion for reconsideration, ABT submits a Declaration of Susan T. McMinn ("McMinn"), executed April 28, 2011. (Document #376 / Exh. 1) McMinn is the retained forensic computer expert tasked with performing independent forensic computer analyses for Sportsfield to assist with and ensure Sportsfield's compliance with the Preliminary Injunction, namely, Subsections (V)(1)(d) through (f).[1] In connection with her work for Sportsfield, McMinn has already submitted three (3) Declarations detailing her work in this regard and her firm's three hundred and thirty-five (335) hours on this project. (Documents ##264, 277, 337 / Second Suppl. Decl. ¶13) Even though these matters were fully briefed prior to the Court's cancellation of the April 6, 2011 hearing, ABT proffers new information from Ms. McMinn not included in the parties' original briefing. Likewise, prior to seeking reconsideration, ABT did not indicate that testimony from McMinn was necessary

---

[1] Sportsfield was directed to confirm compliance as follows:

> d) Juszczyk and SSI shall return all ABT trade secrets or confidential information in their possession, custody, or control;
>
> e) Defendants shall confirm by independent forensic analysis of Juszczyk's personal computers and hardware, the SSI computer network and any computers or hardware of Oliver, Moxley, Sohns, Maney, Goulet, Hulbert, Rosa, and Mason, that all such data has been returned;
>
> f) Defendants shall preserve all data currently stored on computers over which they have possession, custody or control, and personal digital assistant or mobile telephone, including any information stored on backup media, and produce to an independent computer forensic expert the computer hard drives or other hardware from any and all computers which currently stores or has stored ABT confidential information and trade secrets;

(Document #230 / Preliminary Injunction Order at 20.)

2

or even preferred. McMinn's most recent declaration explains:

> [I]n the last quarter of 2010, I initially proposed an analysis that also included an examination of the Defendants' systems and computers utilizing search terms, which are words, phrases or labels embedded in any searchable document. However, I have not been authorized by Sportsfield to conduct an examination utilizing search terms.
>
> To date, I cannot say with any certainty that I have located or identified all ABT confidential information and trade secrets on Sportsfields's systems and computers.
>
> \*\*\*
>
> It is my recommendation that additional forensic analysis work be performed. This work may involve keyword searches, additional hash analysis to include the hash values of the Seagate USB drive and analysis of additional computers. I may make additional recommendations as a result of this analysis.
>
> I have communicated my recommendation to conduct keyword searches and additional hash value analysis to the attorneys for Sportsfield and it is my understanding that they have received approval from their client.

(McMinn 4/29/11 Decl. ¶¶18, 20-22) Thus, McMinn states that Sportsfield "approved" additional forensic analysis, but has not yet "authorized" the additional work recommended. (Id.) In its response to ABT's motion to reconsider, Sportsfield clarified that the new search recommended by McMinn in December 2010 is currently underway at Sportsfield's expense.[2] (Def.'s Resp. In Opp'n at 7-8.)

The Court is not inclined to reconsider its earlier decision denying ABT's motion as the previous decision does not amount to clear error or work any manifest injustice. McMinn's earlier reports collectively reveal that Sportsfield essentially permitted her to chase every rabbit trail in an effort to comply with the Court's Order. In previous declarations, McMinn represented that she was

---

[2] ABT contends that Sportsfield only elected to proceed with the additional analysis because it learned that McMinn would be sharing her recommendation with the Court via ABT's motion.

provided "complete and unfettered access to Sportsfield's network servers and the relevant computers identified in the Court's Order." (McMinn 12/20/10 Decl. ¶6) McMinn has analyzed Sportsfield's computer system in Delhi, New York, as well as more than 30 computers and laptops, including analysis of two (2) employee computers not specifically identified by the Court's Order. (McMinn 12/20/10 Decl. ¶6; McMinn 1/21/11 Suppl. Decl. ¶7) According to McMinn, all potentially offending matching files have been permanently deleted and the offending sources wiped clean. (McMinn 1/21/11 Suppl. Decl. ¶¶7,8) Sportsfield's counsel then produced and transferred copies of the identified files to ABT.[3] (McMinn 4/28/11 Decl. ¶12 ) While further forensic analysis by way of key search terms may indeed be beneficial, McMinn does not suggest that Sportsfield's counsel or anyone else affiliated with Sportsfield has sought to thwart compliance or undermine her analyses. Despite some delay in the process, there is simply no evidence of contemptuous behavior by Sportsfield.

Finally, the Court will not engage in the parties' dispute concerning whose trial expert McMinn really is and what communications, if any, between McMinn and ABT's counsel might have been inappropriate per the discovery rules. *See* FED. R. CIV. P. 26(b)(4). Regardless of who calls McMinn as a trial witness first, McMinn's work for both ABT and Sportsfield potentially places her in the unique position to offer both factual and opinion testimony on behalf of both entities. To the extent ABT accuses Sportsfield of co-opting its trial expert, ABT should have voiced objection *well before* McMinn accepted and undertook the forensic computer analyses of

---

[3] ABT maintains that McMinn cannot confirm return of all of ABT's protected files because McMinn didn't personally review the files that were transferred by counsel or facilitate the actual transfer. However, there is nothing in the record to indicate that Sportsfield's counsel did not produce the entire compilation of potentially offending files identified by McMinn.

Sportsfield's equipment.[4]

**IT IS, THEREFORE, ORDERED** that ABT's Motion For Reconsideration (Document #375) of the Court's April 7, 2011 Order (Document #356) is hereby **DENIED**.

Signed: June 22, 2011

Richard L. Voorhees
United States District Judge

---

[4] Sportsfield raises the question of McMinn's ability to testify objectively concerning her findings. Sportsfield suggests that McMinn has been identified as one of their trial experts and that "the work product protections of Rule 26 have been irreparably breached." (Def.'s Resp. 10) ABT claims that McMinn is its expert witness for trial, exclusive of Sportsfield's need for an "independent" forensic computer expert. In the context of the Preliminary Injunction Order, the term "independent" was meant to make clear that Sportsfield's computer analyst could not be regularly employed by Sportsfield. In other words, Sportsfield's compliance with the Court's Order could not have been accomplished by forensic analysis conducted by its own IT staff. Therefore, McMinn will be permitted to provide testimony, under oath, concerning her analysis of the Sportsfield systems *independent* of the influence of either party or counsel.