# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO. 5:09CV119-V

| | |
|---|---|
| ABT, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>PETER JUSZCZYK and )<br>SPORTSFIELD SPECIALTIES, INC., )<br>      Defendants. )<br>_____ ) | **ORDER**<br>N.C. Gen. Stat. § 75-16 |

**THIS MATTER** is before the Court on ABT's Motion For Treble Damages of the award for violation of the Unfair & Deceptive Trade Practices Act ("UDTPA") pursuant to N.C. Gen. Stat. §75-16.[1]

Section 75-16 provides in pertinent part:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and ***if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict***."

N.C. GEN. STAT. § 75-16 (2011) (*emphasis added*).  The phrase "treble the amount fixed by the verdict" has been interpreted to mean "damages *proximately caused* by a violation of §75-1.1 shall be trebled" as opposed to damages on every claim that happens to arise in the case. *See* Gray v. North Carolina Ins. Underwriting Ass'n, 529 S.E.2d 676, 684-85 (N.C. 2000) (*emphasis in original*);

---

[1] ABT's counsel moved for the UDTPA award to be trebled orally following announcement of the verdict and release of the jury.

Johnson v. Colonial Life & Accidental Ins. Co., 618 S.E.2d 867, 871-72 (N.C.App.2005).

> Here, the jury found that Sportsfield and Mr. Juszczyk committed the following acts:
>
> (a) Misappropriated ABT's trade secret information by acquiring, using or disclosing such information;
> (b) Downloaded, retained, transferred and disclosed ABT's confidential, proprietary or trade secret information internally or to its business partners;
> (c) Copied or used ABT, Inc.'s confidential information or trade secrets to advance its / his own business interests;
>
> <u>As to Sportsfield only</u>:
> (d) Forwarded or transmitted ABT's confidential information or trade secrets to Sportsfield's business partner ACO Polymer Products, Inc. to unfairly compete against ABT;
> (e) Despite knowing that Peter Juszczyk was subject to a Noncompetition Agreement, pursued and hired him for the purpose of competing unfairly with ABT by soliciting customers with whom he had previously solicited at ABT using ABT's information; and
> (f) Despite knowledge of Peter Juszczyk's contractual obligations to ABT to refrain from soliciting former ABT. customers or using ABT confidential information or trade secrets, Sportsfield or its employees solicited such customers or used such information to unfairly compete against ABT.
>
> <u>As to Mr. Juszczyk only</u>:
> (d) Used a computer or computer network without ABT, Inc.'s authority, with the intent to alter or erase computer data, computer programs, or computer software;
> (e) Used a computer or computer network without ABT, Inc.'s authority, with the intent to make an unauthorized copy; and
> (f) Despite knowledge of his contractual obligations to ABT, Inc. to refrain from soliciting his former ABT, Inc. customers or using ABT confidential information or trade secrets, Peter Juszczyk solicited such customers and used such information to unfairly compete against ABT, Inc.

(Documents ##517,518)

It is well established in North Carolina that the conduct specifically found by the jury as fact may support liability under the UDTPA. *See* United Labs., Inc. v. Kuykendall, 370 S.E.2d 375, 388-89 (N.C. 1988) (rejecting argument that the UDTPA is limited to cases involving consumers only; UDTPA claim may stem from a dispute concerning enforcement of a non-compete and tortious

interference and parties' attendant conduct); Sunbelt Rentals, Inc. v. Head & Engquist Equip., LLC, 2002 WL 31002955, *16-17 (N.C.Super.) (UDTPA claim may be implicated by tortious interference and violations of the NC Trade Secret Protection Act for misappropriation). Consequently, the undersigned finds, as a matter of law, that the respective factual bases for liability as to both Defendants constitute unfair or deceptive trade practices in or affecting commerce. *See* Gray, 529 S.E.2d at 681. Therefore, a treble award of the UDTPA verdict amounts is required. *See* Walker v. Branch Banking and Trust Co., 515 S.E.2d 727 (N.C. App.1999) ("Treble damages are assessed automatically upon a violation of N.C. Gen. Stat. §75-1.1."); Bhatti v. Buckland, 400 S.E.2d 440, 442 (N.C. 1991); Atl. Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 715 (4th Cir.1983) ("award of treble damages is a right of the successful plaintiff").

**IT IS, THEREFORE, ORDERED** that ABT's Motion For Treble Damages is **GRANTED**. Accordingly, the damages awards assessed to Defendants for violating the UDTPA [Sportsfield – $559,061.00; Mr. Juszczyk – $46,588.50] are hereby trebled.

Signed: August 4, 2011

*/s/ Richard L. Voorhees*

Richard L. Voorhees
United States District Judge