IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:09CV119-RLV

ABT, INC.,
    Plaintiff,

v.

PETER JUSZCZYK and
SPORTSFIELD SPECIALTIES, INC.,
    Defendants.

**O R D E R**

**THIS MATTER** is before the Court on Sportsfield Specialties, Inc.'s "Emergency Motion For Stay Of Execution Of Judgment," filed January 10, 2012, and ABT, Inc.'s response in opposition, filed January 12, 2012. (Documents ##572, 575)

**I.**

After approximately two (2) years of highly contentious pretrial litigation, and following nine (9) equally contentious days of jury trial, verdicts were rendered in favor of ABT against Sportsfield in the amount of $1,677,183, and in favor of ABT against Peter Juszczyk in the amount of $186,354, and against both Defendants jointly and severally liable in the amount of $46,588.50.[1] (Documents ##517-18)

---

[1] ABT successfully asserted the following causes of action: 1) breach of contract against Juszczyk; 2) computer trespass in violation of N.C. GEN. STAT. §14-458 against Juszczyk; 3) tortious interference with contract by SportsField; 4) unfair and deceptive trade practices in violation of N.C. GEN. STAT. §75-1.1 against both Defendants; and 5) misappropriation of trade secrets in violation of N.C. GEN. STAT. §66-152, *et seq.*, against both Defendants.

The damages awards for unfair and deceptive trade practices in favor of ABT were trebled pursuant to N.C. GEN. STAT. § 75-16 (2011). (Document #523) As a result, ABT is entitled to recover $2,795,305 from Sportsfield, $279,531 from Peter Juszczyk, and $139,765.50 from both Sportsfield and Peter Juszczyk, jointly and severally liable. Final judgment was entered in favor of ABT and against Sportsfield in the amount of $2,795,305, plus applicable pre and post-judgment interest. (Documents ##567, 568)

Sportsfield, who intends to appeal, requests a stay of execution of judgment. Sportsfield does not propose to post a supersedeas bond as ordinarily required by the federal rules and suggests instead that a cash deposit will sufficiently protect ABT's interests pending appeal. ABT takes issue with both the form of proposed security and the amount of the proposed cash deposit.

For a multitude of reasons, including the contentious history between these parties, the Court, in its discretion, will deny the instant motion and require Sportsfield to post a supersedeas bond in order to secure a stay pending appeal.

## II.

Rule 62(d) provides that an appellant "may obtain a stay [of the judgment] by supersedeas bond" during the pendency of an appeal, except when the appeal is taken from certain types of cases or from particular categories of orders not relevant here. If a supersedeas bond is posted, the party seeking the stay is entitled to the stay as a matter of right. S.E. Booksellers' Ass'n v. McMaster, 233 F.R.D. 456, 457 (D.S.C. 2006) (citing cases).

When an applicant for a stay of judgment does not provide a supersedeas bond, whether to grant a stay is within the discretion of the court. Id. at 458-59. In exercising this discretion, the following factors are relevant: "(1) whether the stay applicant has made a strong showing that he is

likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (*citations omitted*); *see also* Richardson v. North Carolina, 2008 WL 2397309 (E.D.N.C. 2008) (applying Hilton factors to issuance of stay under Fed. R. Civ. P. 62); McAllister v. Hunter, 2010 U.S. Dist. LEXIS 4843, *6 (W.D.N.C. 2010) (same). With respect to these factors, the applicant bears the burden of persuasion. Long v. Robinson, 432 F.2d 977, 979 (4th Cir.1970).

Finally, the Court is to be mindful of the purpose for requiring a bond on appeal, namely, "to 'preserve the *status quo* while protecting the non-appealing party's rights pending appeal.'" Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D.Va.1999) (*internal citations omitted*).

### III.

Sportsfield has not persuaded this Court that a cash deposit is as secure a means of protecting ABT's interest in its monetary judgment against Sportsfield as a supersedeas bond. In its response, ABT identifies a legitimate concern to granting Sportsfield's request to substitute a cash deposit *in any amount* for a supersedeas bond. Specifically, ABT correctly states that a "cash deposit is subject to levy or claim by a creditor with superior security rights." (ABT's Resp. In Opp'n, 4) For this reason, allowing Sportsfield to escrow funds during the pendency of appeal is not as desirable a mechanism for protecting ABT as the supersedeas bond. *See e.g.*, Suntrust Mortg., Inc. v. United Guar. Residential Ins. Co., 2011 U.S. Dist. LEXIS 118960, at *9-10 (E.D.Va. 2011) (*quoting* Alexander, 190 F.R.D. at 192.).

As for the Hilton factors, Sportsfield has not made a strong showing that it is likely to succeed on the merits of its appeal. In addition, there is some evidence, although not dispositive, that ABT may be substantially injured by issuance of the stay on Sportsfield's proposed terms.[2] On the other hand, there is no evidence that Sportsfield will be irreparably injured absent a stay. The public interest factor is relatively neutral and does not weigh strongly in favor of either party.

Sportsfield has not persuaded this Court that it "can currently easily meet the judgment and ... will maintain the same level of solvency during appeal." *See e.g.*, Alexander, 190 F.R.D. at 193 (*citation omitted*). Moreover, Sportsfield has not shown that its "present financial condition is such that the posting of a full bond would impose an undue financial hardship." Id. In conclusion, because Sportsfield has not shown that a full supersedeas bond is not necessary to protect ABT's interest pending appeal, the motion will be denied.

Sportsfield may elect to post a full supersedeas bond as required by Rule 62(d)[3] such that the bond covers the entire judgment amount against Sportsfield, including the portion of the judgment imposed jointly and severally against Sportsfield and Mr. Juszczyk, as well as the applicable pre and post-judgment interest amounts. Unless and until such bond is posted, execution on the judgment may proceed.

---

[2] ABT proffers a declaration from its President, Ralph Brafford, Jr., indicating that Sportsfield's controlling shareholder, Scott Clark, has impliedly threatened (more likely mere strategic "posturing") that Sportsfield might be not be financially healthy enough to satisfy the full amount of the existing judgment and that efforts could be made to defeat Sportsfield's ability to pay. (ABT's Exh. A)

[3] "[T]he supersedeas bond contemplated in Rule 62(d) is a full security bond, one that secures the entire amount of the judgment ...." Alexander, 190 F.R.D. at 192 n. 5 (recognizing that a full supersedeas bond should be the requirement in the normal circumstances) (*citations omitted*).

## IV.

**IT IS, THEREFORE, ORDERED** that Sportsfield's Emergency Motion For Stay Of Execution Of Judgment is hereby **DENIED**.

Signed: January 13, 2012

Richard L. Voorhees
United States District Judge