IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:09CV119-RLV

| | |
|---|---|
| ABT, INC.,<br>    Plaintiff,<br><br>v.<br><br>PETER JUSZCZYK and<br>SPORTSFIELD SPECIALTIES, INC.,<br>    Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on ABT's "Motion for Attorney Fees as to Defendant Peter Juszczyk," filed January 18, 2012. (Documents ##583, 584)

**I.**

After jury trial, verdicts were rendered in favor of ABT against Sportsfield in the amount of $1,677,183, and in favor of ABT against Peter Juszczyk in the amount of $186,354, and against both Defendants jointly and severally liable in the amount of $46,588.50.[1] (Documents ##517-18) The damages awards for unfair and deceptive trade practices in favor of ABT were trebled pursuant to N.C. GEN. STAT. § 75-16 (2011). (Document #523) The Court found that ABT was entitled to recover $2,795,305 from Sportsfield, $279,531 from Peter Juszczyk, and $139,765.50 from both Sportsfield and Peter Juszczyk, jointly and severally liable. Defendant Juszczyk was successful on his counterclaim for breach of contract and was awarded damages in the amount of $3,400 against ABT. (Document #519) Final judgment was entered in favor of ABT and against Sportsfield in the amount of $2,795,305, plus applicable pre and post-judgment interest, and against ABT in favor

---

[1] ABT successfully asserted the following causes of action: 1) breach of contract against Juszczyk; 2) computer trespass in violation of N.C. GEN. STAT. §14-458 against Juszczyk; 3) tortious interference with contract by SportsField; 4) unfair and deceptive trade practices in violation of N.C. GEN. STAT. §75-1.1 against both Defendants; and 5) misappropriation of trade secrets in violation of N.C. GEN. STAT. §66-152, *et seq.*, against both Defendants.

Page 1 of 3
Case 5:09-cv-00119-RLV -DCK   Document 597   Filed 05/31/12   Page 1 of 3

of Jusczyk in the amount of $3,400, plus applicable pre-judgment interest. (Documents ##567, 568)

Sportsfield sought an "emergency" Stay of Execution of Judgment, which was promptly denied. (Documents ##572, 576) Sportsfield gave Notice of Appeal on January 18, 2012. (Document #582) ABT submitted motions for attorneys' fees against both Sportsfield and Juszcczyk. (Documents ##581,583,584) ABT petitioned the Court for an award of attorneys' fees in the amount of $2,181.799.00 based upon 7,882.5 hours of attorney time spent on this case.

ABT and Sportsfield subsequently settled their remaining issues. On January 25, 2012, a Joint Notice of Satisfaction of Judgment as to Defendant Sportsfield was filed as well as a Joint Notice of Discontinuance of Post-Judgment Proceedings. (Documents ##591, 592) ABT formally withdrew its Motion for Attorneys' Fees as to Sportsfield. (Document #595) In the same filing, however, ABT expressly stated that its petition for attorneys' Fees from Defendant Juszczyk "is reserved and remains before this Court for consideration." (Document #595)

## II.

ABT's motion for attorneys' fees for successful prosecution of its claims against Defendant Juszczyk, and for defense of Juszczyk's counterclaims has not been resolved.[2] ABT also sought sanctions against Juszczyk's previous counsel under 20 U.S.C. § 1927 in the amount of $102,695.35. ABT's motion alleges that in addition to "contest[ing] liability to the end, despite overwhelming evidence of their misconduct," defense counsel "unreasonably and vexatiously multiplied these proceedings by pursuing untenable counterclaims." (Pl.'s Mem. In Supp., 1-2) As a result, ABT seeks recovery of its attorneys' fees under N.C. Gen. Stat. § 75-16.1(1) (willful violation of unfair and deceptive trade practices act and unwarranted refusal to resolve the matter) and the North Carolina Trade Secret Protection Act for willful and malicious misappropriation, N.C. Gen. Stat.

---

[2] ABT originally sought $1,604,267.25 in fees *against both Defendants* for ABT's successful pursuit of its claims under the UDTPA and TSPA. (Document #584 / Mem. In Supp., 21-12.)

§ 66-154, as well as sanctions in the form of attorneys' fees pursuant to 28 U.S.C. § 1927 from Defendant Jusczyk and his previous counsel, Attorneys Margaret Maloney and Tamara Huckert of Maloney Law & Associates.[3]

### III.

**IT IS, THEREFORE, ORDERED** that the Deputy Clerk shall forward copies of ABT's motion and memorandum of law along with a copy of the instant Order to Attorneys Margaret Maloney and Tamara Huckert of Maloney Law & Associates, PLLC, as well as to Defendant Peter Juszcyk.

**IT IS FURTHER ORDERED** that if ABT no longer wishes to pursue its motion, a written notice of withdrawal should be filed **on or before Friday, June 15, 2012**. Absent a withdrawal of the motion, a written response from Defendant Juszczyk and / or his former counsel must be filed **on or before Friday, June 29, 2012**.

Signed: May 31, 2012

Richard L. Voorhees
United States District Judge

---

[3] ABT's memorandum of law in support of its motion details its argument with respect to Juszczyk's counsel's representation and strategy. (Document #584 / Mem. In Supp., 18-20) ABT states that "counsel for Juszczyk and Juszczyk jointly should be required to remunerate ABT for a portion of its fees in defending Juszczyk's counterclaims." (Id., 20.)