# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:09CV119-RLV

| | |
|---|---|
| ABT, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PETER JUSZCZYK and )<br>SPORTSFIELD SPECIALTIES, INC., )<br>    Defendants. )<br>                              ) | **O R D E R** |

**THIS MATTER** is before the court on Plaintiff's "Motion for Attorneys' Fees as to Defendant Peter Juszczyk," pursuant to 28 U.S.C. § 1927, and "Memorandum in Support," both filed on January 18, 2012.[1] (Docs. 583, 584) Counsel for Defendant Juszczyk submitted a "Memorandum in Opposition to Petition for Attorneys' Fees" on June 29, 2012. (Doc. 599)

## I.  Background

Plaintiff seeks sanctions in the form of attorneys' fees, pursuant to 28 U.S.C. § 1927, against Defendant's counsel for unreasonably and vexatiously multiplying the proceedings by pursuing certain counterclaims. (Doc. 584.)[2]  For the sake of efficiency, the Court hereby incorporates by reference the relevant facts as outlined in its previous Orders, including the May 31, 2012 Order regarding ABT's "Motion for Attorneys' Fees as to Defendant Peter Juszczyk." (Doc. 597.)

---

[1]  After the two corporate parties reached an agreement concerning the question of attorneys' fees, it was not clear to the Court that ABT, the prevailing party, intended to press this matter against Juszczyk's former counsel, Attorneys Margaret Maloney and Tamara Huckert of Maloney Law and Associates. In fact, Maloney and Huckert were not made aware of the Plaintiff's motion until May 2012.

[2]  ABT's memorandum of law in support of its motion details its argument with respect to Juszczyk's counsel's representation and strategy. (Doc. 584 / Mem. In Supp., 18-20.)

## II. Applicable Law

Title 28, United States Code, Section 1927, which governs counsel liability for unreasonable and vexatious multiplication of proceedings, provides:

> "Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

28 U.S.C. § 1927. Thus, "[t]he unambiguous text of § 1927 aims only at attorneys who *multiply* proceedings." *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012) (emphasis in original) (quoting *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999)). A finding that counsel multiplied the proceedings "unreasonably" and "vexatiously" necessarily requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (quoting *Edwards v. General Motors Corp.*, 153 F.3d 242 (5th Cir. 1998)). Indeed, in differentiating the fee-shifting mechanism under §1927 from other sanction-imposing rules, the Fourth Circuit Court of Appeals explains that "[b]ad faith on the part of an attorney is a precondition to imposing fees under §1927." *E.E.O.C.*, 667 F.3d at 522 (citing *Chaudhry v. Gallerizzo,* 174 F.3d 394, 411 n. 14 (4th Cir.1999) and *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n. 25 (4th Cir.1991) (distinguishing between criteria for sanctions under Rule 11, court's inherent power, and §1927)).

Section 1927 is "unconcerned with the merits of the lawsuit." *E.E.O.C.*, 667 F.3d at 522 (citing *DeBauche*, 191 F.3d at 511.). Instead, § 1927 focuses on the conduct of the litigation and is concerned only with limiting the abuse of court processes. *Id.*; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980)); *Proctor & Gamble*, 280 F.3d at 525 (Section 1927 addresses

"the persistent prosecution of a meritless claim") (internal citation omitted). While Section 1927 and Rule 11 overlap, Section 1927 is most appropriately applied where there is no violation of technical rules yet the proceeding is conducted in bad faith in order to cause delay or to increase cost, regardless of whether the claim was objectively frivolous when filed. *D'Aquino v. Citicorp / Diner's Club, Inc.,* 139 F.R.D. 357 (N.D. Ill. 1991); *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010) (upholding denial of motion for § 1927 sanctions despite the fact that the plaintiff's attorney brought a claim under the FCRA subsequently deemed objectively frivolous.); *Chaudhry,* 174 F.3d at 410-11; *Brubaker*, 943 F.2d at 1382 n. 25. Because Section 1927 is penal in nature, it is construed in favor of the sanctioned party so as not to chill legitimate advocacy. *Proctor & Gamble Co.*, 280 F.3d at 526 (internal citations omitted).

A district court's decision concerning the imposition of sanctions is largely discretionary. *See Blue v. U.S. Dept. of the Army,* 914 F.2d 525, 538-39 (4th Cir.1990) (citing *Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. 2447, 2460 (1990)) (discretionary standard discussed with respect to Rule 11 sanctions also applies in context of 1927). "In awarding sanctions, a district court has the discretion to consider a broad range of factors." *Blue,* 914 F.2d at 546; *Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 222, 225 (4th Cir. 2008) (describing "fact-dependent legal standard").

### III. Analysis

Plaintiff ABT seeks sanctions against Defendant's previous counsel, Maloney, under §1927 in the amount of $102,695.35. In support, Plaintiff contends that Maloney's counterclaims were baseless in that reasonable investigation would have revealed obvious weaknesses in the claims and prompted Maloney to dismiss them. (Doc. 584.) However, Plaintiff's contention concerning the weaknesses of the Defendant's counterclaims does not fall

within the purview of § 1927, which focuses on the conduct of the litigation and not on its merits. *See E.E.O.C.*, 667 F.3d at 522 (holding that the weaknesses of the defendant's claims could not be considered under § 1927.)

As for Plaintiff's allegation that Maloney acted in bad faith, there is nothing to suggest, aside from Plaintiff's unsupported conjecture, that Maloney or Defendant filed the counterclaims in bad faith or that they unreasonably and vexatiously multiplied the proceedings. A finding of bad faith for purposes of § 1927 must be based on objective evidence as well as the attorney's subjective representations about his own intentions. *See e.g., Blue,* 914 F.2d at 544-47 (district court may consider subjective views of attorney, relative inexperience, whether attorney entered the case at an advanced stage, etc.). Maloney, who served as lead counsel for Juszczyk, asserts simply that the counterclaims brought on Juszczyk's behalf were "filed in good faith based on facts known or believed in good faith at the time they were filed." (Def.'s Mem. In Opp'n, at 6.) As Maloney explains in greater detail, her advocacy on Juszczyk's behalf was driven in large part by the zeal with which ABT prosecuted its claims.[1] Maloney suggests that Plaintiff sought to preclude Juszczyk from ever working in the sports equipment industry again.

Furthermore, with the exception of filings made in response to Plaintiff's motions, and three procedural requests to the Court, Defendant only filed a single document, the Answer, which raised four counterclaims.[2] Unquestionably, when Plaintiff filed its lawsuit, Defendant

---

[1] Maloney actually accuses *Plaintiff and Plaintiff's counsel* of proceeding with ulterior or improper motives, aggressively litigating with a keen understanding that Juszczyk could not afford legal representation.

[2] During the time Maloney represented Defendant, Maloney's filings consisted primarily of responsive filings, three procedural requests, and the Answer. In contrast, Plaintiff ABT, by and through counsel, filed twenty-three motions prior to Maloney's withdrawal and many more afterwards. In addition, it was upon Plaintiff's motion that the Court held a three-day evidentiary hearing to discuss Plaintiff's "Motion for a Preliminary Injunction." (Doc. 139.) Because Maloney was permitted to withdraw in October of 2010, the Court would be constrained to find that she multiplied the proceedings.

had every right to defend himself and hire counsel to advocate zealously on his behalf. Plaintiff contends that all of Defendant's counterclaims multiplied the proceedings. However, in *DeBauche v. Trani*, the Fourth Circuit concluded, as a matter of law, that the filing of a single complaint could not be held to have multiplied the proceedings unreasonably and vexatiously. *DeBauche*, 191 F.3d at 511. Maloney, on behalf of Defendant, confined her filings to four counterclaims in the initial answer, which is comparable to the behavior of counsel in *DeBauche*.[3] The filing of counterclaims in an Answer (and responsive filings) simply do not rise to the level of unreasonable and vexatious multiplication of the legal proceeding.[4]

In sum, the Court finds there is no objective or subjective evidence of bad faith on the part of Juszczyk's former counsel and no evidence that counsel's conduct was unreasonable or vexatious for purposes of § 1927. For these reasons, the Court, in its discretion, declines to sanction Juszczyk's former counsel.

## IV. Conclusion

**IT IS THEREFORE ORDERED**, for the foregoing reasons, that Plaintiff's "Motion for Attorneys' Fees as to Defendant Peter Juszczyk" (Doc. 583) is **DENIED**.

---

[3] In *DeBauche*, DeBauche's attorneys filed only two documents, a complaint and an amended complaint. With respect to WRVA and WNVT (for whose fees and costs they had been made responsible), they only filed one document, the amended complaint in which WRVA and WNTV were first made parties. *DeBauche*, 191 F.3d at 511. The Fourth Circuit concluded that the filing of a single complaint cannot be held to have multiplied proceedings and therefore §1927 was not applicable to impose sanctions. *Id.* at 511-512.

[4] Contrasting the number of Maloney's filings with Plaintiff's filings, it is absurd for Plaintiff to argue that Maloney multiplied the proceedings unreasonably and vexatiously.

Signed: November 30, 2012

Richard L. Voorhees
United States District Judge